## THE STATE v. HALE.

1. **Practice:** CRIMINAL LAW: WITHDRAWAL OF PLEA. The defendant after pleading to an indictment has the right to withdraw the plea of not guilty and file a motion to set aside an indictment.

*Appeal from Polk District Court.*

THURSDAY, SEPTEMBER 21.

THE defendant, having been indicted for keeping a house of ill fame, filed a plea of not guilty, and afterward applied for leave to withdraw her plea, and to file a motion to set aside the indictment; the application and motion being in the following words:

"THE STATE OF IOWA  
    *v.*  
MADAM HALE.

" Comes now the defendant and files this her motion asking leave of the court to withdraw her plea of not guilty, and file a motion to set aside the indictment, as provided in section 4337, for the reasons enumerated in subdivision 5 thereof.

"BISSELL & CRANE, *Attorneys for defendant.*"

"THE STATE OF IOWA  
    *v.*     *District Court, Polk County.*  
MADAM HALE.

" Comes now the defendant, and moves the court to set aside the indictment filed in this cause, for that:

"The grand jury which found the said indictment was not

The State v. Hale.

legally selected, drawn and summoned, and was not selected, drawn and summoned according to the requirements of the statute, in this:

"That the sheriff did not assist in the selection and drawing, and summoning of said jury, as the statute provides, but the deputy sheriff, one Chas. S. Scofield, did assist and take part in the selection, drawing and summoning of said grand jury, contrary to the provisions of the statute; and, in this, that the selection and drawing were not made at the same time, and as by law provided. And the defendant refers to the annexed stipulation and evidence, and makes the same a part of this motion.

"BISSELL & CRANE, *Defendant's attorneys.*"

The said motion was supported by evidence tending to establish the grounds upon which the same was based. The court denied the defendant leave to withdraw her plea of not guilty, and overruled the motion, to which the defendant excepted. The defendant, having been convicted, filed a motion in arrest of judgment, setting up the same grounds as in said motion to set aside the indictment, which motion in arrest of judgment was overruled. Defendant appeals.

*Bissell & Crane*, for appellant.

No appearance for appellee.

ADAMS, J.—We are of the opinion that the defendant should have been allowed to withdraw her plea of not guilty, and to file a motion to set aside the indictment. In *State v. Groome*, 10 Iowa, 308, it was held that the defendant did not, by accepting a jury, waive objection to the incompetency of a juror on account of not being an elector of the State, the fact of his incompetency not being known to the defendant at the time.

In *State v. Abrahams*, 6 Iowa, 117, it was held that where two offenses were charged in the indictment, and a plea of not guilty was filed, the defendant should have been allowed to withdraw the plea for the purpose of filing a motion to require

the prosecutor to elect on which of the offenses charged in the indictment he would proceed to trial.

In *Cochrane v. State*, 6 Md., 400, LE GRAND, CH. J., said: "It must be confessed that there is no little indistinctness in the reported cases whether the right to withdraw the plea of not guilty and to demur, belongs unconditionally to the prisoner, or is a matter of favor to be granted by the court. We think, however, that the better opinion is, as is clearly the justice in the matter, that the prisoner has the right."

REVERSED.