STATE OF IOWA V. W. B. WADDLE, Appellant.

**Inciting Perjury:** AMOUNT OF PROOF. The rule that obtains in a
1 prosecution for perjury, that the falsity of the testimony must be established by two witnesses, or the testimony of one, supported by corroborating and independent circumstances equivalent in weight to the testimony of a single witness, does not apply in a prosecution under the Code, section 3938, making it a crime to incite or procure another to commit perjury though no perjury be committed.

SAME   Nor is it essential that a case shall be pending when the false
2 oath is incited.

INSTRUCTING AS TO STATUTE OF LIMITATIONS.   An instruction
3 directing a jury in a criminal case to inquire whether defendant had committed the crime at any time within the three years prior fixed by the statute of limitations, is not erroneous, although the facts limited the inquiry to a much less time ·

**Criminal Law:** NEW TRIAL   A new trial will not be granted in a
4 criminal case for newly discovered evidence; especially where the evidence in question is, merely, cumulative.

*Appeal from Wapello District Court.*—HON. W. D. TIS-
DALE, Judge.

WEDNESDAY, DECEMBER 9, 1896.

THE defendant was indicted for the crime of endeavoring to incite, or procure, another to commit perjury   The charge is as follows: "That said W. B.

Waddle, on or about the sixth day of June, in the year of our Lord, one thousand eight hundred and ninety-three, in the county aforesaid, and state of Iowa, and on divers other times and days, did unlawfully and feloniously, intending to pervert the due course of law, did corruptly and maliciously incite, instigate, and endeavor to persuade and procure one Lizzie Seadore to charge and prosecute one David R. Watts, in the court of the state of Iowa, having jurisdiction to try and determine the same (the particular name of said charge, or proceeding, and court, or courts, is to the grand jury unknown), of the charge of being father of a certain illegitimate child, to which the said Lizzie Seadore had given birth, she being an unmarried woman, and not the wife of the said David R. Watts, in which procedure, or prosecution, the oath of affirmative of the said Lizzie Seadore was and is required by law. The said W. B. Waddle, then and there, well and truly knowing that the said David R. Watts, was and is not the father of said illegitimate child, and that said charge was and is untrue, and the said W. B. Waddle then and there well understood and knew that the said Lizzie Seadore then and there knew that said David R. Watts was and is not the father of said child, and that said charge was and is false and untrue, and the said W. B. Waddle did then and there unlawfully, feloniously, corruptly, and maliciously solicit, suborn, incite, instigate, and endeavor to procure and persuade the said Lizzie Seadore to appear in court and prosecute said David R. Watts on said charge, as aforesaid, and to make oath or affirmation in such proceeding and trial that the said David R. Watts was and is the father of said illegitimate child, as aforesaid, the same being a material and relevant matter to the issue therein, and thereby, then and there, to put in issue, that the said W. B. Waddle knew that such testimony

was and is false and untrue, and then and there well understood and knew that the said Lizzie Seadore then and there knew such testimony was and would be false and untrue, contrary to, and in violation of law." Defendant pleaded not guilty, and the case was tried to a jury, and a verdict of guilty returned. Judgment of fine and imprisonment in the county jail was entered on the verdict. Defendant appeals. —*Affirmed.*

*Jaques & Jaques* and *Seneca Cornell* for appellant.

*Milton Remley*, attorney general, and *Jesse A. Miller* for the state.

GIVEN, J.—I. The first contention is as to a rule of evidence. Section 3936, of the Code, defines the crime of perjury. Section 3937, provides: "If any person procure another to commit perjury, he is guilty of subornation of perjury." And section 3938, under which this indictment is found, provides: "If any person endeavor to incite or procure another to commit perjury, though no perjury be committed, he shall be punished," etc. Perjury is manifestly an element in each of these offenses. In the first two it is perjury committed, and in the last perjury endeavored to be procured to be committed. Appellant contends that it is incumbent on the state, in this prosecution, to prove that, if Lizzie Seadore had sworn that David R. Watts was the father of her child, it would have been false, by the testimony of two witnesses, or by the testimony of one supported by corroborating and independent circumstances, equivalent in weight to the testimony of a single witness. Appellee's counsel do not question the correctness of this rule as applied to prosecutions for perjury, but contend that it is not applicable to cases

like this. They do not deny that the burden is on the state to show that it is not true that David R. Watts was the father of Lizzie Seadore's child, but contend that this may be done by the evidence of one witness. The reason for the rule in proving perjury is, that "the unsupported evidence of one witness would be simply one oath against another." 18 Am. & Eng. Enc. Law, 323. It must be remembered, however, that in this case there is not one oath against another. Neither Lizzie Seadore nor any other person has ever made oath that Watts is the father of the child. If Lizzie Seadore had so sworn, by the procurement of the defendant, then the prosecution must have been under section 3937, and the rule would apply, for then there would be one oath against another. When there is only one oath against another, it is as though there was no proof, and therefore, to establish perjury, there must be the evidence of another witness, or its equivalent. The reason for the rule fails, when applied to a case like this, where the crime is complete, "though no perjury be committed." It seems to us clear, upon a reason and principle, that in cases like this the state may sufficiently establish the falsity of the matter charged to be false, by the testimony of one witness. Of course, as in all cases, the credit and weight to be given to the witness must be left with the jury. Of the authorities cited, some relate to familiar and undisputed principles of the law, and others to other offenses, and are not applicable to this.

II. By his motion for a verdict and his motion for a new trial, both of which were overruled, appellant presents the question of the sufficiency of the evidence in certain particulars. It is urged in argument that it is not proven that, if Lizzie Seadore had sworn that David R. Watts was the father of her child, it would have been false; that the state failed to make any proof that defendant ever asked Lizzie

Seadore to swear as charged; that the state did not show that there was in fact a case pending. The last claim is not well founded. If, to prosecute under section 3938, there must be a case pending, one who endeavored to incite or procure another to commit perjury in bringing a case, could not be prosecuted. We will not extend this opinion by setting out or discussing the evidence at length, in considering its sufficiency in the two respects first mentioned. It must be conceded that much may be said in support of appellant's contentions in the two particulars under consideration, and this fact has led us to review the evidence with unusual care before reaching the conclusion we have. Appellant's first contention as to the evidence is based upon the claim that the evidence of more than one witness is required to prove the falsity of the oath which it was endeavored to procure Lizzie Seadore to take. We have seen that such is not the rule in this case, and, if it were, we think Lizzie Seadore is so far corroborated as to have warranted the jury in finding as it did. The evidence that defendant endeavored to procure Lizzie Seadore to charge on her oath that David R. Watts was the father of her child is clearly sufficient. The doubt in our minds is whether the defendant did not then believe that such was the fact. Lizzie Seadore, who had the best means of knowing the fact, testifies that she all the time told the defendant that one Walt Hoobler was the father of the child, and in this she is corroborated by her father. While upon some of these issues of fact we might reach a different conclusion, we cannot say that the jury was not warranted in finding as it did, or that the verdict is contrary to the evidence.

III. Appellant makes certain complaints as to the instructions, the first being grounded upon the claim that the testimony of two witnesses, or its

equivalent is required to show the falsity of the statement that Watts was the father of the child. The rule being as we have already stated, there was no error in not instructing on that subject.

The court, in instructing as to time, directed the jury to inquire whether defendant had committed the crime "at any time within three years prior to January 24, 1894," the date of finding the indictment. While the facts limited the inquiry to a much less time, the instruction was according to the statute of limitations, and was not erroneous.

Appellant asked an instruction to the effect that, if the jury had a reasonable doubt as to whether defendant knew that Lizzie Seadore's illegitimate child was the child of David R. Watts, then they should acquit. This subject was fully covered by instructions given.

One ground of appellant's motion for a new trial was newly discovered evidence. The statute makes no provision for a new trial on this ground in criminal cases; but, if it did, a new trial should not be granted, because the newly discovered evidence is merely cumulative.

Several complaints are made on account of rulings in taking the evidence. We will not consider them in detail. It is sufficient to say that we have examined each complaint with care, in the light of the record, and do not find that there was any error prejudical to the appellant in the rulings complained of.

Our conclusion upon the entire record is that the judgment of the district court should be AFFIRMED.