THEKLA F. HOFMANN, Appellant, *v.* LOUIS B. F. HOFMANN, Respondent.

**Husband and wife — pleading — when charges of adultery and misconduct made by husband constitute cruelty sufficient to constitute cause of action for separation.**

1. Adultery is not cruelty in the ordinary sense as the term is used in connection with matrimonial actions, but if the adultery is open and notorious, flaunted in the eyes of the public or dragged into the presence of the blameless wife or husband, two wrongs arise out of the act; the adultery itself, which is so gross an offense against the marriage vows as in itself to lead to a dissolution of the marriage, and cruelty to the innocent partner, which in our jurisdiction is regarded as an insufficient cause for divorce.

2. A complaint which alleges in substance that defendant lives in open adultery with another woman; that he falsely says that plaintiff is the wife he has divorced for her misconduct and that the other woman is his lawful wife states a cause of action for separation on the ground of cruelty, and where defendant by demurrer admits the truth of said allegations a motion by plaintiff for judgment in her favor upon the pleadings is properly granted.

*Hofmann* v. *Hofmann*, 195 App. Div. 596, reversed.

(Argued November 21, 1921; decided November 29, 1921.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 4, 1921, which reversed an order of Special Term granting a motion by plaintiff for judgment on the pleadings and denied said motion.

The following question was certified: " Does the complaint herein state facts sufficient to constitute a cause of action for a separation of the parties from bed and board? "

*Franklin Taylor* and *Joseph J. Zeiger* for appellant. Cruelty causing mental suffering is sufficient as a basis for separation. (*Beebe* v. *Beebe*, 174 App. Div. 408; *Tower* v. *Tower*, 134 App. Div. 670; *Lutz* v. *Lutz*, 9 N. Y.

Supp. 858; *Atherton* v. *Atherton*, 82 Hun, 179; 155 N. Y. 129; *Bihin* v. *Bihin*, 17 Abb. Pr. 19; *Straus* v. *Straus*, 67 Hun, 492; *Kinsey* v. *Kinsey*, 124 N. Y. Supp. 30; *Waltemire* v. *Waltemire*, 110 N. Y. 183; *Bennett* v. *Smith*, 21 Barb. 439; *Sykes* v. *Halstead*, 1 Sandf. 483; *Harwood* v. *Heffer*, 3 Taunt. 421; *Murdock* v. *Murdock*, 148 App. Div. 564.)

*Joseph A. Seidman* for respondent. The complaint, if it alleges any facts sufficient to constitute a cause of action, is one based upon a charge of adultery for which an absolute divorce is authorized by statute — a remedy purely statutory and exclusive. (*Jessup* v. *Carnegie*, 40 N. Y. 441; *Mairs* v. *B. & O. R. R. Co.*, 175 N. Y. 409; 73 App. Div. 265; *City of Rochester* v. *Campbell*, 123 N. Y. 514; *Deitch* v. *Deitch*, 162 App. Div. 25; 213 N. Y. 708; *Griffin* v. *Griffin*, 47 N. Y. 134; *Jones* v. *Jones*, 90 Hun, 414; *Klein* v. *Klein*, 11 Abb. Pr. [N. S.] 451; *Campbell* v. *Crampton*, 18 Blatchf. 160; *Palmer* v. *Palmer*, 1 Paige, 276; *Burtis* v. *Burtis*, 1 Hopk. 567; *Perry* v. *Perry*, 2 Paige Ch. 501.) Appellant's allegations are insufficient to spell out a case of cruel and inhuman treatment. (*Powers* v. *Powers*, 84 App. Div. 588; *Morrel* v. *Morrel*, 3 Barb. 236; *Gruber* v. *Gruber*, 167 N. Y. Supp. 42; *Kaiser* v. *Kaiser*, 192 App. Div. 400; *Smith* v. *Smith*, 26 Hun, 573; *Allen* v. *Allen*, 125 App. Div. 838.)

POUND, J. This is an action brought by wife against husband to procure a judgment separating the parties from bed and board forever for the cruel and inhuman treatment of the plaintiff by the defendant and for such conduct on the part of the defendant toward the plaintiff as may render it unsafe and improper for the former to cohabit with the latter. (Code Civ. Pro. § 1762.) No other cause of action is alleged and no other relief is sought. The complaint specifies (Code Civ. Pro. § 1764) the nature and circumstances of defendant's misconduct

as follows: That without the knowledge or consent of the plaintiff, and without the personal service of the summons upon her, defendant obtained a decree of divorce in the state of Pennsylvania; that the court granting such decree obtained no jurisdiction of the plaintiff, and that the pretended action was wholly null and void; that plaintiff's first knowledge or information of the decree of divorce was by the defendant causing her to receive by mail in the city of New York, a certified copy thereof, on or about November 12th, 1919; that the defendant, without being divorced from plaintiff, has contracted and entered into another marriage with a woman other than plaintiff, and is living in adulterous intercourse with said woman in the city of New York, and that the defendant has caused divers persons, including the children of the parties, to be informed of the pretended decree of divorce, and of the pretended marriage of the defendant to the other woman and of his living with her, and that the defendant has represented to the children of the parties that they should meet and affiliate with the woman with whom the defendant is living. The complaint then states: " That the aforesaid acts of the defendant have caused the plaintiff acute mental suffering and distress and constitute the ground of cruelty and inhuman treatment and improper conduct above alleged."

The only question is as to the sufficiency of the complaint; whether allegations of adultery coupled with the course of conduct complained of amount to a statement of facts sufficient to constitute a cause of action for separation. The court below has held that the gravamen of the complaint is the adultery of defendant; that adultery and cruelty are distinct and independent charges leading to different issues and decrees; that a complaint which alleges facts which constitute a cause of action for divorce on the ground of adultery and demands judgment for a separation merely cannot be sustained for the reason that the charge of adultery over-

bears and destroys the effect of the charge of cruelty and the remedy for the latter charge is merged in the remedy for the former.

Adultery is not cruelty in the ordinary sense as the terms are used in connection with matrimonial actions. Adultery is an act with a third party. Cruelty is directed toward husband or wife. Under the English statute (Stat. 20 & 21 Vict. c. 85, as amended) a sentence of judicial separation " may be obtained either by the husband or the wife, on the ground of adultery *or* cruelty," but the wife may not have a divorce except for adultery " *coupled with such cruelty* as without adultery would have entitled her to a divorce *a mensa. et thoro*," or other aggravation. (Id. sec. 27.)

Adultery is the act of sexual intercourse of two persons, either of whom is married to a third person. (Penal Law, § 100.) " Cruelty is not limited to bodily hazard and hardship." It includes " such behavior of one party as may be reasonably said so to affect the other physically or mentally as seriously to impair health." (*Pearson* v. *Pearson*, 230 N. Y. 141, 146.) The consequences of adultery, the facts incident thereto, may cruelly injure the innocent spouse, but clandestine adultery of one of a married couple cannot in itself affect the mind or the body of the other. If, however, the bread of illicit affection is not eaten in secret, if the adultery is open and notorious, flaunted in the eyes of the public or dragged into the presence of the blameless wife or husband, two wrongs arise out of the act: the adultery itself, which is so gross an offense against the marriage vows as in itself to lead to a dissolution of the marriage, and cruelty, which in our jurisdiction is. regarded as an insufficient cause for divorce.

The practical question presented for our consideration is whether the element of adultery set forth in the complaint compels the plaintiff to resort to the remedy of divorce or whether the right to such relief may be waived and a separation for cruelty decreed.

Plaintiff says in substance, and defendant by demurrer admits, that defendant lives in open adultery with another woman; that he falsely says that plaintiff is the wife he has divorced for her misconduct and that the other woman is his lawful wife.

The question is one of pleading.

Such conduct on the part of defendant may amount to slow and continuous mental torture, more cruel and lasting than mere blows or abuse. Because it includes adultery, it does not exclude cruelty. Difficulties in the way of proof, religious teachings on the binding tie of marriage, or personal inclination may lead one to withhold a demand for a divorce and to ask for a separation merely. Public policy calls for no rule that one who is entitled to a divorce must seek it. Therein the wronged one is the sole judge. It is not for the guilty party to dictate to her what relief she shall ask, taking advantage of his own more grievous wrong to exculpate himself from the lesser offense.

A cause of action for a divorce may be inconsistent with a cause of action for a separation in that they may not be united in the same complaint (Code Civ. Pro. § 484; *Johnson* v. *Johnson,* 6 Johns. Ch. 163), but the complaint herein states but one cause of action.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division, and the question certified answered in the affirmative.

HISCOCK, Ch. J., HOGAN, CARDOZO, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Order reversed, etc.