PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JACOB BERKO-WITZ, Defendant.

Court of General Sessions of the Peace in and for the County of New York, June, 1923.

**Crimes — indictment — inducing witness to testify falsely — when demurrer will be overruled.**

An indictment based upon that part of section 2440 of the Penal Law which makes it a felony for a person "who attempts by any other means fraudulently to induce any witness to give false testimony or to withhold true testimony" need not charge that there was an agreement or understanding between the person offering the bribe and the person whose testimony was to be influenced.

An indictment based upon sections 2440 and 2442 of the Penal Law in the first count charged the defendant with attempting fraudulently to induce a witness to give false testimony and to withhold the truth, alleged that while a wife's action for separation was pending she began an action for an absolute divorce; that defendant having knowledge that the divorce action was about to be commenced and that one F. was to be called as a witness for the plaintiff upon the trial of

both actions and upon an application for alimony *pendente lite* in the divorce action, did two days before the commencement of the divorce action feloniously and fraudulently attempt to induce F. to give false testimony upon the trial of said action and upon the motion for alimony by means which were stated with great particularity. A second count of the indictment setting forth the precise matters enumerated in the first count charged the defendant with the crime of practicing fraud and deceit upon a witness and upon a person about to be called as a witness. *Held,* that a demurrer to the indictment upon the ground that the first count was defective in that it did not charge that defendant gave or offered or promised to give a bribe to F. upon any understanding that his testimony should be influenced thereby, will be overruled.

Under either of said sections of the Penal Law it was necessary that the indictment should allege that the action in which F. was induced to give false testimony, or wherein his testimony was to be affected as a result of fraud or deceit practiced upon him by the defendant, was actually pending when the alleged criminal act of the defendant was committed. Such conclusion is not fraught with the danger that a person who incites or attempts to procure another to give false testimony as a witness will go unpunished, as under section 813 of the Penal Law to which also the act of defendant would make him amenable, it is not necessary that there should be in fact an action pending.

The indictment, treating the allegations thereof with respect to the divorce action as a surplusage or as a nullity, was nevertheless valid because it alleged the pendency of the action for a separation and that the testimony of F. was to be used upon the trial.

In passing upon the question whether the indictment was good upon demurrer the court was not called upon to determine from an examination of the complaint whether it was sufficiently broad to permit proof of the alleged adultery of the defendant in that action.

DEMURRER to indictment.

*Howard Hilton Spellman,* deputy assistant district attorney, for People.

*Leonard A. Snitkin* and *Samuel H. Golding,* for defendant.

ROSALSKY, J. The first count of the indictment charges the defendant with the crime of attempting fraudulently to induce a witness to give false testimony and to withhold true testimony. It is therein alleged that on December 6, 1921, there was pending in the Supreme Court of the county of New York an action for separation wherein Helen Hirsh was plaintiff and Sydney Hirsh was defendant; that on the 8th day of December, 1921, there was duly commenced in the Supreme Court an action for absolute divorce, wherein the said Helen Hirsh was plaintiff and the said Sydney Hirsh was defendant; that on said 6th day of December, 1921, the defendant Berkowitz had knowledge that the said action for absolute divorce was about to be commenced; that the said defendant had knowledge that one Mortimer N. Foss was on the 6th day of December, 1921, about to be called and used as a witness in behalf of the said plaintiff upon the trial of said actions and

upon an application for alimony *pendente lite* in the said action for absolute divorce; and that on December 6, 1921, the said defendant feloniously did attempt feloniously and fraudulently to induce the said Foss to give false testimony upon the trial of the said action and upon the said application by the means following, to wit: By causing and procuring an unknown man to be seen by the said Foss in a certain room in bed with an unknown woman, which said unknown man resembled in personal appearance the said Hirsh, whom the said Foss personally knew, and whose personal appearance the said Foss was familiar with, the said defendant feloniously intending thereby fraudulently to pretend and represent to the said Foss that the said unknown man was the said Sydney Hirsh, and that the said Sydney Hirsh was guilty of the commission of the crime and offense of adultery with the said unknown woman, and the defendant so having fraudulently deceived the said Foss thereafter fraudulently and feloniously induced Foss falsely. to testify that the said unknown man was Sydney Hirsh, and that the said Foss had on the 6th day of December, 1921, seen Sydney Hirsh in said room in bed with the said unknown woman.

The second count charges the defendant with the crime of practicing fraud and deceit upon a witness and a person about to be called as a witness, and it sets forth the precise matters enumerated in the first count.

The defendant demurs to the indictment upon the ground that the facts stated in each of the counts thereof do not constitute a crime.

The first and second counts are based upon sections 2440 and 2442 of the Penal Law, respectively. Section 2440 provides: " A person who gives or offers or promises to give, to any witness or person about to be called as a witness, any bribe, upon any understanding or agreement that the testimony of such witness shall be thereby influenced, or who attempts by any other means fraudulently to induce any witness to give false testimony or to withhold true testimony, is guilty of a felony." Section 2442 provides: " A person who practices any fraud or deceit, or knowingly makes or exhibits any false statement, representation, token or writing, to any witness or person about to be called as a witness, upon any trial, proceeding, inquiry or investigation whatever, conducted by authority of law, with intent to affect the testimony of such witness, is guilty of a misdemeanor."

It is contended that the first count is defective because there is no allegation therein that the defendant gave, or offered or promised to give, a bribe to Foss upon any understanding that his testimony should be influenced thereby. The learned counsel

evidently misconceives the theory of the People's case. The defendant is not indicted under the provision contained in section 2440, *supra*, relating to the giving of a bribe to influence Foss, but he is indicted under that part of this section which makes it a felony for a person " who attempts by any other means fraudulently to induce any witness to give false testimony or to withhold true testimony." This is the gravamen of the charge set forth in the first count, and under it the People are not required to plead that there was an agreement or understanding between the person offering the bribe and the person whose testimony was to be influenced.

The contention of the People is that Foss was an innocent party to the machinations of the defendant and that Foss was imposed upon and deceived by the defendant into believing that the man whom he saw violate his marital vow was Sydney Hirsch. The defendant argues that, upon this theory, the prosecution must fail because the indictment does not allege that Foss, as well as the defendant, knew that the former was to give false testimony. This deduction is unsound and does not follow from the facts alleged. The clear import of section 2440 in so far as it applies to the first count, is to authorize the prosecution of a person who fraudulently induces another to give false testimony. The word " fraudulently " has a deep significance; it means " in a manner proceeding from or characterized by an act of deliberate deception, practiced with the object of having a person believe something which is not the fact, to the prejudice of another." The term " fraudulently," as used in the indictment, relates to the act of the defendant and not to that of Foss. That this conclusion is clear appears from the fact that the second part of section 2440 seeks to punish a person who resorts to fraud to induce a witness to give false testimony. In other words, the statute is directed at the person who induces another to give the false testimony, and not at the person who is induced to give it. Upon the theory of the People's case, a prosecution can be maintained against a person who by fraudulent means induces a witness to give false testimony although such witness is not conscious of the fact that he has perverted the truth. There is no doubt that the crime charged against this defendant can be committed through an innocent agent, and that the person who feloniously procures the false testimony to be given can be held accountable. In law, the act of the defendant in procuring Foss to give false testimony is tantamount to his personally giving the same. A witness who is induced to give false testimony cannot be charged with a violation of section 2440, but he can be prosecuted upon a charge of perjury, provided such witness willfully and knowingly testified falsely with

respect to any material matter upon the trial or other proceeding authorized by law. Upon the allegations of the indictment, Foss could not be guilty of perjury because he had no guilty knowledge that his testimony was false, and, therefore, the defendant could not be guilty of subornation of perjury. *People* v. *Teal,* 196 N. Y. 372, 377.

But the act of the defendant would also make him amenable to section 813 of the Penal Law, which provides: " A person who without giving, offering or promising a bribe, incites or attempts to procure another to commit perjury, or to give false testimony as a witness, though no perjury is committed or false testimony given, or to withhold true testimony, is guilty of a misdemeanor."

The next question to be considered is whether, under both counts of the indictment, it is necessary for the People to allege that the action in which Foss was induced to give false testimony, or wherein his testimony was to be affected as a result of fraud or deceit practiced upon him by the defendant, was actually pending when the alleged criminal act of the defendant was committed.

It is urged by the defendant that the indictment shows that the divorce action was commenced on December 8, 1921, two days after, it is charged, the defendant fraudulently induced Foss to give false testimony with respect to the alleged adultery of Sydney Hirsh, and that inasmuch as there was no trial, proceeding, inquiry or investigation pending at which the alleged testimony set forth in the indictment could be given or received, the crime set forth in each of the counts has not been committed. In other words, it is argued that both sections, *supra,* contemplate that to consummate the crime charged against the defendant it must be shown that there was, in fact, an action pending in which the witness or person about to be called as a witness was to give false testimony, or in which his testimony was to be affected.

The People, on the other hand, insist that inasmuch as sections 2440 and 2442 do not contain any specific provision that an action or proceeding must be pending at the time that the witness, or person about to be called as a witness, is induced to give false testimony, a prosecution can be successfully maintained if the action is instituted after the false testimony, etc., is obtained.

The People suggest that to adopt any other interpretation of these sections would permit a person to manufacture testimony and to escape punishment because no action, in fact, had been pending.

The question here presented for determination has not been the subject of any decisions in any of the courts of this state, so far as I have been able to discover after careful research.

While section 2442, *supra,* uses the phrase " upon any trial,

proceeding, inquiry or investigation whatever, conducted by authority of law," section 2440 fails to use any such phraseology whatsoever and is silent upon this subject, and when it is considered that both sections contain the language, " any witness or person about to be called as a witness," it seems to me that the irresistible conclusion is that under either section there must be, in fact, a trial, proceeding, inquiry or investigation *pending* in which the witness or person about to be called as a witness is to give testimony. This construction seems to me to be the true meaning of the statute. Otherwise, if an action need not be pending, then it never need be commenced, and, therefore, a person who offends either section could not be guilty, because the person imposed upon is not a witness or a person about to be called as a witness " upon the trial, proceeding, inquiry or investigation."

The fact that the indictment alleges the pendency of the separation action on December 6, 1921, and the institution of the divorce action on December 8, 1921, is a most potent indication that the pleader fully appreciated the importance of alleging that Foss was a witness or a person about to be called as a witness upon the trial of both actions.

The conclusion arrived at by me that an action, in fact, must be pending is not fraught with the danger that a person who incites or attempts to procure another to give false testimony will be permitted to go unpunished. There is no such gap in the Penal Law as to make a prosecution against such a person abortive, for the legislature seems to have provided for just such a case.

Section 813, *supra*, is sufficiently comprehensive to proceed against the person who incites or attempts to procure another to give false testimony as a witness. Under this section, it is not necessary that there should be, in fact, an action pending. In *State of Iowa* v. *Waddle*, 100 Iowa, 57, the defendant was prosecuted under a statute which provided that, " If any person endeavor to incite or procure another to commit perjury, though no perjury be committed, he shall be punished." It will be observed that the Iowa statute is in many respects similar to our own statute (§ 813, *supra*).

The Iowa court, in construing that statute, said, at page 60: " It is urged in argument that it is not proven that, if Lizzie Seadore had sworn that David R. Watts was the father of her child, it would have been false; that the state failed to make any proof that defendant ever asked Lizzie Seadore to swear as charged; *that the state did not show that there was in fact a case pending.* The last claim is not well founded. If, to prosecute under section 3938, there must be a case pending, one who endeavored to incite or procure another to commit perjury in bringing a case could not be prosecuted."

While the allegations of the indictment with respect to the divorce action may be treated as a surplusage or as a nullity, the indictment is nevertheless valid because it alleges the pendency of the separation action and that the testimony of Foss was to be used upon such trial.

In passing upon the question whether the indictment is good on demurrer, I am not called upon to examine the complaint in the separation action with a view to determining whether it is sufficiently broad to permit proof of the alleged adultery of Hirsh within the decision of *Hofman* v. *Hofman,* 232 N. Y. 215. The sufficiency of the civil pleading and the evidence which may be admissible thereunder must necessarily be left for the determination of the judge before whom the indictment will be tried. However, within the allegations of the indictment, it being alleged that on December 6, 1921, when Foss was induced to give false testimony, there was pending the separation action, it is reasonable to assume that the testimony of Foss bore some relation to the separation action. In *Hofman* v. *Hofman, supra,* the court said: " Plaintiff says in substance, and defendant by demurrer admits, that defendant lives in open adultery with another woman; that he falsely says that plaintiff is the wife he has divorced for her misconduct and that the other woman is his lawful wife.

" The question is one of pleading.

" Such conduct on the part of defendant may amount to slow and continuous mental torture, more cruel and lasting than mere blows or abuse. Because it includes adultery, it does not exclude cruelty. Difficulties in the way of proof, religious teachings on the binding tie of marriage, or personal inclination may lead one to withhold a demand for a divorce and to ask for a separation merely. Public policy calls for no rule that one who is entitled to a divorce must seek it. Therein the wronged one is the sole judge. It is not for the guilty party to dictate to her what relief she shall ask, taking advantage of his own more grievous wrong to exculpate himself from the lesser offense.

" A cause of action for a divorce may be inconsistent with a cause of action for a separation in that they may not be united in the same complaint (Code Civ. Pro. sec. 484; *Johnson* v. *Johnson,* 6 Johns. Ch. 163), but the complaint herein states but one cause of action."

For the reasons herein expressed, the demurrer of the defendant is disallowed.

Demurrer disallowed.