## COHEN v. UNITED STATES.

Circuit Court of Appeals, Second Circuit. July 2, 1928.

No. 341.

1. **Perjury** �kö→34(1)—**Perjury and subornation must be proved by two witnesses, or by one with corroboration.**

Perjury must be proved by two witnesses, or by one with corroboration, and this rule also applies in cases of subornation.

2. **Criminal law** �kö→1172(2)—**In prosecution against bankrupts' attorney for subornation, instruction that subornation required no corroboration held not to require reversal.**

Where only testimony that defendant, as attorney for bankrupts, suborned bankrupts to commit perjury, was that of the two bankrupts, who corroborated each other, and whose perjury was proved by their own recantations and other evidence, giving of instruction that, as to assignments of perjury, jury must find corroboration of the recantation of each, but that subornation required none, *held* not to require reversal.

27 F.(2d)—45½

3. **Criminal law** ⊆⇒1137(1)—**Defendant's attorney, having refused mistrial, polling jury, or instructions, because of article respecting defendant, published after both sides rested, held required to abide thereby after verdict.**

Where, after both sides in prosecution for subornation of perjury had rested, newspaper article purporting to be account of defendant's prison record, based on information furnished by investigator in district attorney's office, was published, defendant, whose counsel refused district attorney's offer to consent to mistrial, to have jury polled, or to have instructions given on the matter, must abide by his choice after verdict of conviction.

4. **Criminal law** ⊆⇒1159(4)—**Contradictions in testimony of government's witnesses in subornation of perjury case held questions for jury, not for appellate court.**

In prosecution against bankrupts' attorney for suborning bankrupts to perjury, based solely on testimony of bankrupts who corroborated each other, contradictions in bankrupts' testimony presented questions for jury's determination, with which appellate court had nothing to do.

Appeal from the District Court of the United States for the Southern District of New York.

Max G. Cohen was convicted for subornation of perjury, and he appeals. Affirmed.

The evidence allowed the jury to conclude the following: A petition in bankruptcy was filed on June 8, 1923, against two fur merchants, Delfin and Klang, in New York, and a receiver appointed. A few days later they went to Cohen, their lawyer, and Delfin told him that on the night of the 7th he had sold out what stock of furs remained in their shop for about $5,000 to one Pardes. Cohen then told the bankrupts to swear upon their examination in bankruptcy that the creditors had come and taken all the furs. Klang corroborated Delfin in this story. Upon their examination in bankruptcy, Delfin and Klang each swore that their creditors had come and swept the shop clean of furs on the night before the bankruptcy.

Eventually the bankrupts were indicted for perjury on this testimony; they pleaded guilty, and were sentenced to and served a term of 18 months. After their release the indictment was found against Cohen on May 28, 1926, in two counts, for the separate subornation of each of the bankrupts, and the trial followed in August. The only testimony to the subornations was that of the bankrupts, who corroborated each other, though with some contradictions. Their perjury was proved by their own recantations, and was further corroborated by other evidence. The judge charged the jury that as to the assignments of perjury they must find

corroboration of the recantation of each, but that the subornation required none. This was the first error assigned.

The defendant had been convicted of a felony in Portland, Or., and was later pardoned. At the trial, after both sides had rested, a reporter for the New York Sun got access to one Strong, who was an investigator for the assistant district attorney in charge of the case, and from him got information of this conviction, which he that night inserted in an article headed, "Lawyer Cohen's Prison Record." The reporter added that the warden of the prison at Portland had testified to the conviction, which was a pure fabrication.

The next morning the defendant's counsel brought the article to the attention of the judge, and the matter was discussed outside the courtroom. The district attorney, who had been unaware of his investigator's conduct, offered to consent to a mistrial, which the defendant's counsel declined. He also declined to have the jury polled, or any instructions given on the matter, though these, too, were suggested. On the return of the verdict, the jurors were polled, and it was learned that two of them had read the article on the evening when it appeared, but had not spoken of it to their fellows until after the verdict had been agreed upon. Each of the two disclaimed being influenced in any degree by its contents. The judge declined to set aside the verdict, and this is the second error assigned.

The third is that the testimony of the two bankrupts was so full of contradictions that it was not adequate evidence upon which to found a verdict.

The fourth was the admission of certain evidence alleged to be irrelevant and prejudicial.

David Haar, of New York City (Simon Fleischmann, of Buffalo, N. Y., of counsel), for appellant.

Charles H. Tuttle, U. S. Atty., of New York City (Thomas T. Cooke, of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

L. HAND, Circuit Judge (after stating the facts as above). The chief question is the charge of the judge on the issue of subornation. Whether it was a matter on which he was called upon to charge at all we have not to decide. The bankrupts corroborated each other in fact as to the subornation, and, if the judge had said nothing on the subject,

the point might have arisen whether the doctrine requires more than that corroboration is necessary if the case is to go to the jury at all. In fact, he went further and charged them that no corroboration was necessary as to the subornation. If this is wrong in law, we cannot treat it as harmless. While it is extremely improbable that the jury should in fact have believed one bankrupt and not the other, the charge was equivalent to saying that they might wholly ignore one. This we think would have been an improper instruction, even though the judge need have said nothing on the subject. Thus it seems to us that the point was introduced into the case and must be decided.

[1, 2] It is, of course, well settled that the perjury must be proved by two witnesses or by one with corroboration, U. S. v. Wood, 14 Pet. 430, 10 L. Ed. 527; and this is also true in cases of subornation, Hammer v. U. S., 271 U. S. 620, 46 S. Ct. 603, 70 L. Ed. 1118. It is a doctrine alien to the common law, imported from ecclesiastical, and eventually from civil, law procedure, like the same rule in treason. U. S. v. Robinson (D. C.) 259 F. 685. Until its abolition in 1640, Star Chamber had in practice had exclusive jurisdiction over perjury, and its procedure was taken from the ecclesiastical courts. Wigmore, § 2040. There were practical reasons why the doctrine should be taken over, along with the jurisdiction, which were later rationalized into the notion that one oath would do no more than balance the other. Perhaps, too, the fact that perjury was an offense cognizable by spiritual courts may have contributed. Nevertheless, Russell (volume 1, p. 478) says that it never was the practice to extend it beyond the assignments of perjury, and this was recently decided in Atkinson v. State, 133 Ark. 341, 202 S. W. 709. We can see no reason not to accept the gloss, made in ignorance of its historical origin, as a proper limitation in application. The doctrine itself has indeed a rational basis when applied to mere recantations, though it must be owned that, if extended to the oath of another than the perjured witness, it is hard to justify in a court of common law.

The point now at bar was specifically reserved in Hammer v. U. S., but, so far as we can find, has been uniformly ruled in favor of the prosecution when it has arisen. Com. v. Douglass, 5 Metc. (Mass.) 241; State v. Waddle, 100 Iowa, 57, 69 N. W. 279; Boren v. U. S., 144 F. 801 (C. C. A. 9); U. S. v. Thompson, 31 F. 331 (C. C.). In People v. Evans, 40 N. Y. 1, to be sure, some of the language does look the other way; but the

assignments of perjury were themselves supported by a single uncorroborated witness only, and it was unnecessary to add that the subornation was subject to the same rule.

[3] In respect of the second error, it is to be observed that the judge considered the application for a new trial, and denied it in his discretion. We might stop for that reason, Mattox v. U. S., 146 U. S. 140, 13 S. Ct. 50, 36 L. Ed. 917; Harrison v. U. S., 7 F.(2d) 259 (C. C. A. 2); but it is plain anyway that his discretion was well exercised. The defendant learned of the publication in season, and had his opportunity to stop the trial and start afresh, or to find out whether in fact it had hurt him. He chose not to inquire, but to take his chances on the result; now, though he has lost, he must abide his choice. Spreckels v. Brown, 212 U. S. 208, 215, 29 S. Ct. 256, 53 L. Ed. 476; Marrin v. U. S., 167 F. 951 (C. C. A. 3). Nor is there in fact the slightest reason to suppose that he was mistaken in thinking that he had not suffered.

[4] With the contradictions of the bankrupts we have nothing to do. They came before the jury in any case with the major contradiction of abjuring their own oaths; that once accepted, the jury were not likely to stop at minor divergences, especially as it is apparent that they were ignorant men ill-versed in the language, and as it is probable that on cross-examination they were confused between their direct testimony given at the trial and that at the bankruptcy examination. At any rate the jury alone was to say at which time the truth appeared; it is enough that they could see the bankrupts and weigh their words for what they were then worth.

The errors in the admission of evidence require no notice. The matters brought out were either relevant enough to the corpus delicti to be admissible, or innocuous to the defendant.

Judgment affirmed.