STATE OF IOWA, Appellee, v. HOMER POWERS, Appellant.

No. 47066.

(Reported in 30 N. W. 2d 476)

JANUARY 13, 1948.

REHEARING DENIED MARCH 12, 1948.

George Yeaman and David Loepp, both of Sioux City, for appellant.

Robert L. Larson, Attorney General, Don Hise, First Assistant Attorney General, and Edward L. Moran, County Attorney, for appellee.

HALE, J.—The grand jury of Woodbury county on September 14, 1946, returned an indictment against Harold Sample, Dottie Sample, Morris Sample, Homer Powers, and Ellie Powers, charging that on August 1, 1946, in Woodbury county the said defendants "did endeavor to incite and/or procure another, to wit: Pauline Butterfield and Pat Lund to commit perjury contrary to the terms of section 721.3 of the Iowa Code of 1946."

Homer Powers was tried separately, and, on October 14, 1946, entered a plea of not guilty. He was tried during the January 1947 term of the district court and found guilty, but a new trial was granted on March 18, 1947. The defendant asked for a continuance but his motion was overruled. He then requested permission to withdraw his plea of not guilty, stating orally that he desired to file a motion to require the State to file a bill of particulars so as to be better prepared for trial. This request was overruled. On trial the defendant, Powers, was found guilty. Defendant's exceptions to instructions, motion for judgment notwithstanding the verdict and amendment thereto, and motion for a new trial were overruled and defendant sentenced to imprisonment in the penitentiary, and he appeals.

The statute, section 721.3, Code of 1946, for the violation of which defendant was indicted, is as follows:

"If any person endeavor to incite or procure another to commit perjury, though no perjury be committed, he shall be imprisoned in the penitentiary * * *."

Only one witness testified for the State, Pauline Butterfield, who, according to her testimony, was twenty years old, and came to Sioux City in 1946, lived at the New Inn Hotel, and was a prostitute. Her testimony was that she was arrested and taken to the police station and there signed a written statement. After she was released, early in August, she went back to the New Inn Hotel and met the defendant, Homer Powers. She informed him of what she had told the officers at the police station, and that she told to whom she had been giving the money. She testified she told the defendant the details of which she had informed the police and that he said: "* * * why didn't you tell them you were a maid up here and was making beds and working behind the desk and that we were paying you up here

for doing that work?" She stated the number of conversations she had with the defendant amounted to thirty or forty during the month of August, before she appeared as a witness before the grand jury. She further stated that the defendant was present when the subpoena was served upon her to appear before the grand jury, and that the defendant saw the subpoena; that after she had received the subpoena she had a conversation with the defendant; that she was told by an attorney to tell the truth as she did to the police, and the defendant stated: "Oh no she isn't, she is going to tell up there what I told her to tell and she'll get along all right, and if she don't then the rest of us will stick to our stories and she will be in Rockwell [referring to the reformatory] before she knows it"; that defendant asked her to tell the grand jury an untruth as regards to her actions and presence in the New Inn Hotel, and the truth was that she was working as a prostitute and did no work as a maid and received no money for service as a maid. She said that she did testify before the grand jury, and on the morning she appeared there the defendant again asked her to make the statements, as before, and that these statements were untrue.

■ I. The first assignment of error is that the trial court erred in refusing the defendant's request to withdraw his plea of not guilty, and in refusing to permit the defendant to file a motion for a bill of particulars and failing to require the State to comply with his demand for such bill of particulars. Defendant argues that he has an arbitrary right to a bill of particulars if he files the necessary motion or request for it, for one reason that the short form of indictment provided for in the Code is valid under our constitution only because of this statutory right that the defendant has for a bill of particulars. Citing State v. Henderson, 215 Iowa 276, 243 N. W. 289; State v. Engler, 217 Iowa 138, 251 N. W. 88; State v. Keturokis, 224 Iowa 491, 276 N. W. 600. The State, however, argues that the granting or refusing a plea in bar, or any special plea, or filing a motion to quash, rests in the discretion of the court and will not be disturbed on appeal except for an abuse of such discretion.

State v. Henderson, supra, was an attack on the constitutionality of the short-form indictment act, holding that the

law was not unconstitutional, but dismissing the objection of the defendant shortly by stating that the defendant's ground was untenable because there was such information provided by the right to a bill of particulars, but does not allege that the act would have been unconstitutional without it. The last case cited, however, State v. Keturokis, reviewing the short-form statute, states, at page 496 of 224 Iowa, page 603 of 276 N. W.:

"* * * but, if the defendant could possibly have had any doubt as to whether the accusation against him involved either of these conditions, we think the information that he might require in this regard was already available in the minutes of the evidence given by the witnesses before the grand jury, which it must be presumed were furnished to him, or could be obtained by a bill of particulars for which provision is made in the chapter of the Code dealing with indictments."

In the present case there was attached to the indictment a statement of Pauline Butterfield before the grand jury in which she said that since August 1, 1946, and on numerous dates thereafter, Mr. and Mrs. Harold Sample, Morris Sample, and Mr. and Mrs. Homer Powers had told her to tell the grand jury 'that she did not know anything about "hustling" at the New Inn Hotel, and that "I just worked up there behind the desk. They said to tell them that I never collected any money up there except for rooms that people had rented. Mr. and Mrs. Homer Powers told me that I would be sent to the pen unless I changed my story. They told me to tell the grand jury that the reason I made the statement to the detectives was because the detectives told me I could stay out of jail if I told them that story."

With the above statement attached to the indictment there can be no doubt that the defendant knew exactly what he had to encounter in the trial, and that the charge in the indictment was as specific as it could have been made by any bill of particulars, which, at the most, would merely have set out all that could be alleged in the charge and minutes of testimony.

The statute which provides for what we now term the short-form indictment, under section 773.3, relating to the contents of the indictment, provides:

"The indictment may charge, and is valid and sufficient if it charges, the offense for which the accused is being prosecuted in one or more of the following ways:

"1. By using the name given to the offense by statute.

"2. By stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense, or in terms of substantially the same meaning, as is sufficient to give the court and the accused notice of what offense is intended to be charged.

"The indictment may refer to a section or subsection of any statute creating the crime charged therein, and in determining the validity or sufficiency of such indictment regard shall be had to such reference."

In the next section, 773.4, it provides that an indictment shall not be held insufficient on the ground that it fails to inform the defendant of the particulars of the offense, and in section 773.5 it is provided that "when an indictment charges an offense in accordance with the provisions of section 773.3, but such indictment together with the *minutes of the evidence* filed therewith fails to inform the defendant of the particulars of the offense sufficiently to enable him to prepare his defense," there should be a bill of particulars required at the defendant's request or on the court's motion. (Italics ours.) Thus it will be observed that the object of the statute is to apprise the defendant of what he may be expected to meet on the trial. Further, there had been a previous trial, and it is difficult to see how there could be any prejudice to the defendant in the overruling of his motion.

II. The defendant insists that the defendant has an arbitrary right to a bill of particulars if he files the necessary motion or request. We have held in the preceding division that the right to require such filing is based upon statute which grants such right if the indictment and the minutes of the evidence fail to inform the defendant of the particulars of the offense.

The defendant was indicted in August 1946. His plea of not guilty, as we have shown, was entered October 14, 1946. While the defendant was represented on the previous trial by

other counsel, yet it was stated by the assistant county attorney, and not disputed, that the present counsel for the defendant had been such counsel for the defendant since sometime in December 1946, and that before the 26th of March, 1947, no attempt was made on behalf of the defendant to file a motion for bill of particulars. Yet, not until that date, March 26th, was there filed any motion for continuance or request to withdraw plea of not guilty. This was immediately before the trial began on March 27th. These facts might give rise to the belief that the application to withdraw the plea and for a bill of particulars was merely dilatory; that under the circumstances defendant and counsel must have known what was sought to be charged and what the evidence was likely to be. The refusal to allow the withdrawal of a plea did not deprive the defendant of any substantial right, nor do we think that defendant had any such arbitrary right to a ruling in his favor as is claimed in his argument. It is true, under the rule announced in some earlier cases, it was held that there was such right. State v. Hale, 44 Iowa 96. But such a holding would be contrary to the general rule as now recognized. In 14 Am. Jur., Criminal Law, section 289, it is said:

· "The power to permit or deny the withdrawal of a plea of not guilty for the purpose of entering a plea in abatement, plea in bar, or any special plea or of filing a motion to quash rests in the discretion of the court and will not be disturbed on appeal except for an abuse of such discretion. A defendant is not entitled as a matter of right to retract his plea and plead anew. In a number of cases reviewing courts have held that there was no abuse of discretion." Citing authorities.

To the same effect see 22 C. J. S., Criminal Law, section 421a, where it is said:

"Permission to withdraw a plea is within the sound discretion of the court and not a matter of right. A motion to withdraw should be seasonably made; and on the hearing thereof the court may require it to be supported by evidence and may hear such evidence, oral or written, as either party may offer."

In State v. Hale, supra, there was an application similar to the one in the case at bar, asking leave to withdraw a plea of not guilty and filing a motion to set aside the indictment. There was no appearance for the appellee, and the court, referring to the opinions in the cases of State v. Groome, 10 Iowa 308, State v. Abrahams, 6 (Clarke) Iowa 117, 71 Am. Dec. 399, and to the Maryland case of Cochrane v. State, 6 Md. 400, reversed the district court, but we are satisfied that the basis of this decision was unsound, as an examination of these cases will disclose. The Maryland case, cited in the Hale case, is not very definite. It states that while it holds that the prisoner has the right, that there is no little indistinctness in the reported cases. The theory of the Hale case has not had the support of our more recent decisions. While it has been cited in a few instances, as in State v. Farlee, 74 Iowa 451, 38 N. W. 155, and State v. Wieland, 217 Iowa 887, 251 N. W. 757, it was referred to under the doctrine of stare decisis, and these cases were on a change of plea from guilty to not guilty.

We think that at this time we should and we do overrule the Hale case. It is contrary to the majority rulings throughout the country. We are convinced that it is not sound in principle nor based on authority. The Maryland case, Cochrane v. State, supra, seems not to have been followed to any extent, and is apparently the only case so holding.

The trend of our more recent decisions is contrary to that doctrine. State v. Machovec, 236 Iowa 377, 381, 382, 17 N. W. 2d 843, 845, involves the refusal of the district court to allow the defendant to change his plea from guilty to not guilty after judgment laid down. Referring to the statute, section 13803, Code of 1939 (777.15, Code of 1946), authorizing a withdrawal of a plea of guilty before judgment, the court says: "We have heretofore held this statute and identical provisions of former statutes give to a defendant an absolute right to withdraw a plea of guilty at any time before judgment is entered in the record book." Citing, among other authorities, State v. Hale, supra, holding that the word "may" as there used must be interpreted as conferring discretion, and stating that it does not give a defendant absolute right to withdraw a plea of guilty before judgment, and that decisions to the con-

trary are erroneous in principle. Citing authorities from other jurisdictions.

We think the principle applied in the Machovec case applies equally to a plea of not guilty, and with probably greater force. There is no statute permitting such withdrawal as there is where a plea of guilty is entered. The privilege of so doing should be left to the sound legal discretion of the court. If it should appear to the court that such permission should be granted for the purpose of doing justice, it is unlikely that there would be any denial of the privilege. An abuse of the discretion would in an instance of this kind, as in other cases, be reviewed by this court; but we cannot say and do not hold that a defendant has an arbitrary right in all cases to such withdrawal, but hold that it is a matter of discretion. In the present case where the purpose of such withdrawal was expressly stated that it was to file a motion for a bill of particulars, which we think was unnecessary, our holding is that there was no error. In support of our holding in this respect, see the following cases with authorities cited therein. Hodge v. State, 29 Fla. 500, 10 So. 556; State v. Adair, 1 (W. W. Harr.) Del. 558, 117 A. 20; Mack v. State, 203 Ind. 355, 180 N. E. 279, 83 A. L. R. 1349, 1354; Commonwealth v. Tucker, 189 Mass. 457, 76 N. E. 127, 7 L. R. A., N. S., 1056.

III. An error claimed by the defendant is the refusal of the court to sustain defendant's objections made to the introduction of any evidence on this indictment for all the reasons set out in the motion for a bill of particulars. Our rulings on previous divisions render it unnecessary to consider further this alleged error. The court was right in the ruling as to the bill of particulars, and as to the withdrawal of the plea of not guilty. It would necessarily follow that the objections of the defendant to the introduction of evidence were properly overruled.

IV. The defendant also objects to what he terms misconduct of the county attorney in examination of the witness, and in his argument. It is unnecessary to set out the record, and the defendant in his argument does not point out the particular objections to which he refers. We have, however, examined the record submitted to us and we find no error in this respect.

■ ■ V. Defendant also claims that the court erred in submitting the case to the jury on the uncorroborated evidence of a self-confessed criminal. At the conclusion of the testimony of Pauline Butterfield the State introduced no further evidence and the defendant introduced no witnesses. The case went to the jury on the woman's evidence alone. Of course, the question of her veracity was for the jury. They saw and heard the witness and knew, from the cross-examination, her past life and occupation. It was for them to estimate the weight of her testimony and to say whether or not they believed from her evidence that the defendant was guilty. In a case such as this the law does not require a corroborating witness. Cases cited by the defendant are those relating to perjury. This court has ruled upon the question of corroboration in the case of State v. Waddle, 100 Iowa 57, 60, 69 N. W. 279, 280, which was a trial on indictment for the same kind ·of offense as is charged here. The court refers, in that case, to the crime of perjury and says:

"* * * to establish perjury, there must be the evidence of another witness, or its equivalent. The reason for the rule fails, when applied to a case like this, where the crime is complete, 'though no perjury be committed.' It seems to us clear, upon a reason and principle, that in cases like this the state may sufficiently establish the falsity of the matter charged to be false, by the testimony of one witness."

Such appears to be the rule in this state. The objection the defendant makes that the conviction obtained upon the testimony of a self-confessed criminal merely goes to the weight of the testimony, and, as we have stated, that is for the jury.

The final exception of the defendant is in the allegation that the court erred in refusing to direct a verdict at the close of the evidence, and in overruling the defendant's motion for a new trial, and a motion in arrest of judgment. Objection is made under this heading to the introduction of testimony and misconduct of the county attorney. It is unnecessary for us to consider these objections further than to say that we have gone over the record submitted to us, and find no reversible error.

440

Nor do we think the assignment of errors is sufficiently specific.

From the whole case we are satisfied, from a careful examination of the record, that the court in its rulings committed no error, and the case should be and it is affirmed.—Affirmed.

MULRONEY, C. J., and OLIVER, BLISS, GARFIELD, MANTZ, SMITH, and HAYS, JJ., concur.