THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v. DWAYNE CARL WILLIAMS, a/k/a CARL COUNTS, DE-
FENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted January 8, 1973—Decided February 14, 1973.

Before Judges CARTON, MINTZ and CRAHAY.

378

Mr. *Stanley C. Van Ness,* Public Defender, attorney for defendant-appellant (*Mr. Harvey I. Marcus,* of counsel on brief and appendix).

*Mr. George F. Kugler, Jr.,* Attorney General of New Jersey, attorney for plaintiff-respondent (*Mr. Richard W. Berg,* Deputy Attorney General, of counsel and on the brief).

The opinion of the court was delivered by

MINTZ, J. A. D. Defendant was tried to a jury and convicted of attempted subornation of perjury in violation of *N. J. S. A.* 2A:131–1 and 2A:85–5.

On appeal defendant contends that (a) the State did not sustain the burden of proof in that there was no corroboration of the matter alleged to be untrue, and (b) the court erred in not charging the jury that the subject matter sought to be suborned concerned a material fact.

Assistant Prosecutor Richard M. Altman testified that he prosecuted the case of *State v. Ronald Williams,* which involved a two-count indictment for (a) breaking and entering a residence, and (b) larceny of a color television set. Ronald Williams was convicted on both counts. Four persons had been arrested for this offense, namely, Ronald Williams, James Blakely, William Shorter and Herbert Wright, a juvenile. The Ronald Williams trial commenced on Monday, March 29, 1971. Wright agreed to testify for the State. Altman further testified that the police apprehended Ronald Williams, along with the other three men, in an automobile with the stolen television set. He further said that he noticed defendant Dwayne Carl Williams in the courtroom on the second day of that trial. (The latter was not implicated in the breaking, entering and larceny for which Ronald Williams was on trial.) Altman stated that Ronald Williams' defense was that he entered the automobile after the television set had been stolen and had nothing to do with the crimes.

Wright testified that on the evening of March 29, 1970 Ronald Williams, one Jessie Harris and defendant appeared at his home. Ronald in the presence of defendant asked him to testify that he, Ronald, entered the car after the television set "was gone." Defendant said "that it would make life easier, you know, for me if I testified the way Ronnie asked me to." Wright further stated that he received a telephone call from James Blakely who said that he needed a ride to move a T.V. set; that he, Wright, used his father's car for such purpose; that Ronnie got in the car and told him that he needed some help to move the T.V. set for which he would be paid $15; that Ronnie first entered the house. He indicated that he needed help. Thereupon, Williams, Blakely, Shorter and he entered the house, removed the set and placed it in the trunk of the car, and Wright further testified that his testimony in the Ronald Williams trial was the truth.

With respect to point (a), the issue of requisite corroboration in perjury cases was considered in *State v. Bulach,* 10 *N. J. Super.* 107 (App. Div. 1950), where the court held:

The requirement in perjury cases of corroborative evidence of the testimony of a single witness, an exception to the rule that one witness' testimony suffices in most cases, has been criticized by text writers and some courts. VII *Wigmore on Evidence* (3rd Ed. 1940), sections 2040, 2041; *Annotation,* 111 *A. L. R.* 825. However, the requirement is firmly embedded in our law. *State v. Taylor,* 5 *N. J.* 474 (1950); *Zabriskie v. State,* 43 *N. J. L.* 640, at 647 (E. & A. 1881); *State v. Lupton,* 102 *N. J. L.* 530 (Sup. Ct. 1926); *State v. Ellison,* 114 *N. J. L.* 237 (Sup. Ct. 1935). This does not mean that the testimony of two witnesses is required; the testimony of one witness plus proofs corroborating his evidence suffices. The two witness rule obtaining in some states probably was not followed at any time in New Jersey. *Zabriskie v. State, supra.* [at 110–111]

If corroborating evidence is required in cases of *attempted* subornation of perjury, that requirement may have been satisfied in the instant case. Herbert Casale, father of Herbert Wright, testified that on Monday March 29, 1971, at about 6 P.M., three men, including defendant Dwayne Wil-

liams and Ronald Williams, came to his home looking for his son who went out on the porch. Casale, standing by the door that was six to eight inches open at the time, heard Ronald, standing near the door, say to his son, "All I want you to do is be in my corner."

Defendant's reliance upon *State v. Ellison,* 114 *N. J. L.* 237 (Sup. Ct. 1935), is misplaced. That case involved a conviction for perjury, and the court there held that to justify the conviction there must be corroboration of the matter alleged to be false. In the instant proceeding there is no allegation that Wright committed perjury. As already noted Wright testified that he told the truth in the Ronald Williams trial.

Sister jurisdictions have rejected the principle that corroboration of the testimony of a single witness is requisite to sustain a conviction of attempted subornation of perjury. *Tipton v. State,* 8 *Md. App.* 91, 258 *A.* 2d 606 (Ct. Spec. App. 1969); *Commonwealth v. Billingsley,* 160 *Pa. Super.* 140, 50 *A.* 2d 703 (1947), aff'd 357 *Pa.* 378, 54 *A.* 2d 705 (1947). In *Tipton* the court concluded that whatever the basis be for the two-witness rule there was no reason to extend it to the present case since there was no perjury given. Hence, the conviction was not based solely on the testimony of an admitted perjurer. So, in the instant case, Wright did not commit perjury in the Ronald Williams trial.

The distinction between attempted subornation of perjury and subornation of perjury is aptly drawn in *Commonwealth v. Billingsley,* 357 *Pa.* 378, 54 *A.* 2d 705 (Sup. Ct. 1947), where the court stated:

Subornation of perjury consists of all the elements enumerated in the crime of perjury (committed by the witness alleged to be suborned), and one additional element, that the accused induced, persuaded and instigated the suborned witness to commit the crime of perjury. This additional fact (procurement of the witness) does not require proof by more than one witness, *State v. Ruskin,* 117 *Ohio St.* 426, 159 *N. E.* 568, 56 *A. L. R.* 403.

The attempt to suborn a prospective witness to commit perjury (the instant indictment) is a common law crime separate and dis-

tinct from subornation of perjury. Appellant is correct in stating that in subornation of perjury there must be proof of actual perjury committed by the suborned witness. But as to attempts to suborn one to commit perjury it is unnecessary that the person suborned did testify falsely, or indeed did testify at all. The offense is made out whenever the accused instigates and procures the agreement of the prospective witness to testify falsely. This is true even if thereafter the prospective witness fails to go through with the bargain and refuses to give evidence. It is, of course, a necessary element of the crime that both the accused and the person to be suborned knew that the testimony sought was false, material, and to be used in actual or prospective litigation. [54 A. 2d at 707–708]

In *Culwell v. United States*, 194 *F.* 2d 808, 812 (5 Cir. 1952), the court stated that:

[T]he act of soliciting another to commit perjury does not involve the theory of oath against oath and the inducing is generally held to be properly established by the uncorroborated testimony of one witness * * *

To the same effect see *State v. Powers*, 239 *Iowa* 430, 30 *N. W.* 2d 476 (Sup. Ct. 1947), *cert. den.* 340 *U. S.* 838, 71 S. Ct. 23, 95 L. Ed. 615 (1950); *Petite v. United States*, 262 *F.* 2d 788 (4 Cir. 1959), rev'd on other grounds, 361 *U. S.* 529, 80 S. Ct. 450, 4 L. Ed. 2d 490 (1960).

We perceive no rational basis for requiring any greater degree of proof to sustain a conviction for attempted subornation of perjury, than that required on any other indictment charging defendant with an attempt to commit an indictable offense. We are satisfied that the rule requiring corroboration of the testimony of a single witness in prosecutions for perjury is inapplicable to the crime of attempted subornation of perjury.

We find no merit in the defendant's contention that the court erred in not charging the jury that the subject matter sought to be suborned concerned a material fact. It was obviously material. Furthermore, defendant submitted several requests to charge, but apparently not on this particular point. Additionally, at the conclusion of the charge

382

defendant made no objection to the court's failure to include such instruction. In these circumstances we perceive no error, and certainly no plain error. *State v. Macon*, 57 *N. J.* 325 (1971).

Affirmed.