## THE STATE OF IOWA V. KRAFT.

1. CRIMINAL LAW: WITHDRAWAL OF PLEA. The act of the 28th of January, 1857, regulating appeals from justices, authorizes the withdrawal in the District Court of a plea of guilty, made in the court below, and the substitution of the plea of not guilty in the place thereof.

*Appeal from Lee District Court.*

FRIDAY, APRIL 6.

THE defendant was prosecuted before a justice of the peace, for a violation of the act for the suppression of in-

temperance. He plead guilty, was sentenced to pay a fine of $20, and be imprisoned sixty days. He appealed to the District Court, where he asked leave to withdraw his plea of guilty, which the court refused and imposed the same fine and imprisonment. This refusal is the only error assigned in this court by the defendant, who appeals.

*Clagett, Brown & Clagett* for the appellants.

*S. A. Rice,* Attorney General, for the State.

LOWE, C. J.—On the 29th of January, 1857, the General Assembly passed an act regulating appeals from justices of the peace in criminal cases, and repealing the provisions of the Code on the same subject. Under the Code the matter complained of would not have been error, but under the act aforesaid, which was in force at the time the appeal was taken, it is believed that the ruling of the court in the premises was erroneous. The 6th section of the Act provides that "*the cause when thus appealed should stand for trial, as an issue of fact on an indictment in the District Court,*" &c.

By section 2961 of the Code, the court may at any time before judgment, upon a plea of guilty to an indictment, permit it to be withdrawn, and a plea of not guilty substituted by the defendant. This section secures to the defendant the right to withdraw a plea of guilty, and substitute therefor a different one, but this right is not limited to cases originating in the District Court. The Act of 1857 extends it to appeals in criminal cases, which under the provisions thereof stood for trial, as do issues of fact on an indictment in the District Court. The law, as we construe it, places the accused in each class of cases upon the same footing, and we see as little cause for the distinction in reason as in the law. The judgment will therefore be reversed and the cause remanded.