THE STATE V. OEHLSHLAGER.

1. **Criminal Law**: PLEA MAY BE CHANGED. Section 4717 of the Revision of 1860 secures to a defendant under indictment the right to withdraw his plea of guilty, and plead not guilty at any time before judgment.

2. ———: ———. *The State v. Kraft*, 10 Iowa, 330 explained and followed.

*Appeal from Wapello District Court.*

WEDNESDAY, JUNE 3.

INDICTMENT FOR THE CRIME OF NUISANCE. Judgment that defendant pay a fine of five hundred dollars and costs, and stand committed, etc. Defendant appeals. The facts are stated in the opinion.

38  297
e122  107
38  297
131  433

*John B. Ennis*, for appellant.

*M. E. Cutts, Attorney General,* for the State.

MILLER, CH. J.—At the September Term, 1872, of the District Court in Wapello County, the defendants, Martin; Joseph and Jacob Oehlshlager,. were jointly indicted for keeping a certain building, "in which they kept for sale and sold intoxicating liquors," etc. At the January Term, 1873, of the court, the defendants appeared, and each pleaded guilty to the indictment. At a subsequent day in the term, and before judgment was entered upon the pleas thus pleaded, the defendants asked the court to permit them to withdraw their respective pleas of guilty, and to substitute therefor the plea of not guilty, which was refused, and the court rendered judgment on the plea of guilty against the defendant, Martin Oehlshlager, and continued the case as to Jacob and Joseph. This action of the District Court is the principal ground of complaint in this court.

The statute provides, Rev., § 4717, that "at any time before judgment the court may permit the plea of guilty to be with-

1. CRIMINAL LAW; plea may be changed. drawn, and another plea or pleas substituted." This section is substantially the same as § 2961 of the Code of 1851, which this court has held "secures to the defendant the right to withdraw a plea of guilty, and substitute therefor a different one." *The State v. Kraft,* 10 Iowa, 330.

It is urged by the Attorney-General that the language is mere dictum, and not to be regarded as authority. In this view we cannot concur. In that case the defendant was prosecuted before a justice of the peace for a violation of the act for the suppression of intemperance. He plead guilty and was sentenced by the justice to pay a fine of $20, and stand committed sixty days. From this judgment he appealed to the District Court, where he asked leave to withdraw his plea of guilty, which the court refused to allow, and imposed the same fine and imprisonment. On appeal to this court the same question came up for decision as is presented in the case

before us, namely, whether the statute secured to the defendant the *right* to withdraw the plea of guilty, or whether it rested in the sound discretion of the court to permit it to be done or not, and it was held as before stated. It seems very clear that if, in that case where there had been a judgment on the plea of guilty in the lower court, the right still remained to the defendant to withdraw the plea of guilty in the District Court on appeal, the right to withdraw such a plea is equally secured to a defendant indicted in the District Court. It is further said, in the *State v. Kraft*, *supra*, that this right is not limited to cases originating in the District Court, but is extended by the act of 1857, to appeals in criminal cases, and that the law places each class of cases upon the same footing. The decision in that case is based upon two propositions: *first*, that the section of the statute above referred to, secures to the defendant indicted in the District Court, *the right* to withdraw the plea of guilty, and substitute another; *second*, that in appeals in criminal cases, the defendant has the same rights in this respect as if the prosecution originated in the District Court, and therefore the defendant had a right in that case to withdraw his plea, and the court erred in refusing to permit it to be done. The holding of the first proposition was indispensable to sustain the conclusion, and is not dictum.

It is urged by the Attorney-General that if the *State v. Kraft* is to be considered as determining the question before us, then it ought to be overruled. In this we do not agree with the learned attorney for the state. We are content with the construction of the statute as announced in that case. Following that authority, the judgment of the District Court must be

REVERSED.