## THE STATE v. FARLEE.

1. **Criminal Law**: APPEAL FROM JUSTICE'S COURT: RIGHT TO CHANGE PLEA. One who has, in a justice's court, pleaded guilty to a charge of assault and battery, may, on appeal to the district court, withdraw that plea, and plead guilty of assault only, or not guilty— following cases cited in opinion.

2. **Practice in Supreme Court:** DUTY OF COUNSEL TO CITE DECISIONS. It is the duty of counsel practicing in this court to aid the court by citing former decisions of the court bearing upon their cases, and not to defer such citation until a rehearing is asked.

*Appeal from Mills District Court.*

FILED, MAY 15, 1888.

THE defendant was convicted upon an information, filed before a justice of the peace, charging him with assault and battery. At the trial before the justice of the peace he pleaded guilty to the charge. In the district court he asked leave to withdraw his plea of guilty, and plead guilty of an assault. This was refused. He then asked leave to withdraw his plea of guilty and plead not guilty. This was not allowed; and judgment was rendered on the plea of guilty. Defendant appeals.

*Watkins & Williams*, for appellant.

*A. J. Baker*, Attorney General, for the State.

ROTHROCK, J.—An opinion was filed in this case at the March term, 1887, in which the judgment of the

1. CRIMINAL LAW: appeal from justice's court: right to change plea.

district court was affirmed. A petition for rehearing was filed by the defendant, which was granted, and the cause is again submitted for our consideration. The arguments in behalf of appellant on the original submission consisted of five printed lines. No authority was cited therein in which it was decided that the defendant had the right to withdraw his plea of guilty, and substitute another plea. In the petition for rehearing, we are cited to three cases in this court which counsel for defendant claim are decisive of the question, and determine that his right to change his plea is absolute. The first case is *State v. Kraft*, 10 Iowa, 330. This case is precisely in point, and holds that the district court erroneously denied the offer to withdraw the plea of guilty, and plead not guilty. That case was followed in

The State v. Farlee.

*State v. Oehlshlager*, 38 Iowa, 297. In the last-named case the attorney general insisted that the case of *State v. Kraft* was wrongly decided, and claimed that it should be overruled, which this court declined to do. As supporting these cases, see, also, *State v. Hale*, 44 Iowa, 96. The statute upon the subject is substantially the same now as it was when the above cited cases were determined. It follows that, whatever our views might be if this were an original question, this judgment must be reversed. It is well understood that we do not disturb rules of practice established by the decisions of this court, especially where they have presumably had the acquiescence of the law-making power, and been followed by this court and the lower courts for a long time. The decision in *State v. Kraft* was made twenty-eight years ago. And we deem it appropriate, in this connection, to say that the idea that counsel in a case are regarded as officers of the court, and that it is their duty to aid the court in the administration of justice, must be regarded as merely chimerical, if we are required to either keep all of the cases in seventy-six volumes of reports constantly in mind, or, without the aid of counsel, make an independent examination to ascertain whether the questions presented have already been determined. Counsel should not defer the citation of authorities until it becomes necessary to file a petition for rehearing.

2. PRACTICE in supreme court; duty of counsel to cite decisions.

REVERSED.