THE STATE OF IOWA, Appellee, v. HARRY HORTMAN, Appellant.

Murder: RIGHT OF DEFENDANT TO WITHDRAW HIS PLEA. The provision of Code, section 5337, that a defendant, at any time before judgment, may withdraw his plea of guilty and substitute another plea, is mandatory, and where a plea of guilty has been entered and the court makes an inquiry into the facts for the purpose of fixing the punishment and after hearing evidence, announces a conclusion, but fixes a later date for pronouncing judgment, it is error to refuse the defendant the right to change his plea before the final judgment.

*Appeal from Cherokee District Court.*—HON. Geo. W. WAKEFIELD, Judge.

WEDNESDAY, JANUARY 13, 1904.

THE defendant was indicted by the grand jury of Cherokee county, charged with the crime of murder in the first degree. After a demurrer to the indictment had been overruled, the defendant entered his plea of not guilty. Thereafter, and in open court, he withdrew the plea so entered and entered a plea of "Guilty of the homicide charged in the indictment." Evidence was taken by the court relative to the circumstances connected with the commission of the crime alleged, at the close of which the court announced that the circumstances were such that the defendant should be punished with death, and the court thereupon fixed a time three days later for pronouncing judgment. On the day before the time thus fixed for pronouncing judgment, the defendant appeared in open court and filed a withdrawal of his plea of guilty as follows: "Comes now the defendant, Harry Hortman, and, before the time fixed for pronouncing judgment herein, asks the

court that he may withdraw his plea of 'Guilty of the homicide charged in the indictment,' heretofore entered herein, and the said defendant, Harry Hortman, now, in open court, withdraws his said plea of 'Guilty of the homicide charged in the indictment,' and enters his plea of not guilty." .On the day fixed for judgment the court overruled such application of defendant to change his plea and upon the plea of guilty as theretofore entered, judgment in form was entered that he be punished with death, in the manner by law provided. From such judgment, the defendant appeals—*Reversed.*

*Wm. Mulvaney* and *C. H. Lewis* for appellant.

*C. W. Mullan* and *C. A. Van Vleck* for the State.

BISHOP, J.—The judgment from which this appeal is taken is assailed in argument by the learned counsel for appellant upon several grounds; the principal one being that, under the law of this state, the defendant had the absolute right, at any time before judgment was formally pronounced, to withdraw his plea of guilty, and substitute therefor a plea of not guilty, and accordingly that the court erred in refusing to permit him to make and have recorded the substitution of pleas as demanded by him. The contention of counsel is predicated upon the provisions of section 5337 of the Code, and former holdings of this court in cases wherein code provisions identical with section 5337 of the present Code have been under consideration, and the meaning and intent of the legislation as therein expressed construed and declared. Section 5337 provides as follows: "At any time before judgment the court may permit the plea of guilty to be withdrawn, and other plea or pleas substituted." An examination will disclose that the provision quoted appeared in the Code of 1851, and was re-enacted as a part of each of the subsequent Codes. The contention of counsel for appellant,

in particular, is that the provision of the Code quoted must be construed as mandatory in character, and not as permissive, merely; that is, that it was the intent of the lawmaking power to provide for an absolute right, in respect of a change of plea, pending judgment on the part of persons charged with crime, and not simply to confide to trial courts discretionary power in respect of such subject-matter. To adopt the construction thus contended for, it is necessary, of course, to give the word "may," as it appears in the statute, a meaning equivalent to the meaning of the word "must," in its ordinary acceptation. That this may be done in proper cases is too well settled to require any special citation of authorities. Indeed, express authority therefor can be found in the statute: "Words and phrases shall be construed according to the context and the approved usage of the language; but technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in law, shall be construed according to such meaning." But this rule is not to be observed when "such construction would be inconsistent with the manifest intent of the General Assembly, or repugnant to the context of the statute." Code, section 48. Whatever might be the view taken by the court, as now constituted, if the question were one of first impression, we think we are fully committed to the construction of section 5337 as contended for by appellant, and that the doctrine of *stare decisis* must be held to apply. A review of our cases will, we think, make the point clear, and justify the conclusion thus reached. In *State v. Kraft*, 10 Iowa, 330, the prosecution of the defendant was begun before a justice of the peace. He pleaded guilty, and there was a judgment of fine and imprisonment, from which judgment he appealed to the district court. In the latter court he asked leave to withdraw his plea of guilty, which the court refused, and at once imposed upon him a judgment identical

with that imposed by the justice. Under the law as it then stood, appeals from justices of the peace were required to be docketed in the district court, and "the cause when thus appealed should stand for trial, as an issue of fact on an indictment," etc. In other words, a case on appeal stood upon precisely the same footing as though the prosecution had been begun in the district court; the only difference—and that an immaterial one for the purposes of present consideration—being that in the one case an issue was presented by an information and a plea thereto, and in the other case an issue was presented by an indictment and a plea thereto. "The law, as we construe it, places the accused in each class of cases upon the same footing." It was held that the statute then in force, identical with section 5337 of the present Code, secured to the defendant the right to withdraw a plea of guilty and substitute therefor a different one, and that this right was not limited to cases originating in the district court. The judgment was accordingly reversed. We have thus analyzed the case at some length for the reason that the Attorney General has given expression in his argument to some doubt with respect to the authoritative bearing thereof. The question came up again in *State v. Oehlshlager*, 38 Iowa, 297. That case originated in the district court, and the defendant had plead guilty to an indictment. Subsequently, and before judgment, the defendant asked leave to withdraw his plea of guilty and substitute therefor the plea of not guilty. Leave was refused, and judgment was pronounced on the plea of guilty. In the opinion the court makes reference to the holding in *State v. Kraft*, and upon authority thereof the judgment was reversed. It is worthy of note in this connection that in the *Oehlshlager Case* the Attorney General made the point that the language employed in the *Kraft Case* was mere dictum, and the case should not, therefore, be regarded as an authority. The court refused to adopt such

view, and pains were taken to point out at some length the reason upon which it based its holding. It may also be noted that in that case the Attorney General urged upon the court that the *Kraft Case* should be overruled· This the court answered by saying that it was content with .the construction of the statute as thus previously announced. In *State v. Farlee*, 74 Iowa, 451, the material facts were identical with those presented by the case of *State v. Kraft, supra*, and the court declined to disturb the holding as made in that case. In the course of the opinion it is said: "It is well understood that we do not disturb rules of practice established by the decisions of this court, especially where they have presumably had the acquiescence of the lawmaking power, and been followed by this court and the lower courts for a lifetime. The decision in *State v. Kraft* was made twenty-eight years ago."

We do not understand that, in passing upon the application in the instant case, the trial court entertained doubts concerning the authoritative character of the holdings in the cases to which we have just made reference. The views of the court, expressed at the time of the ruling, are incorporated in the abstract before us; and therefrom we gather the thought of the court to have been that the hearing had subsequent to the plea of guilty, to enable the court to fix upon the penalty—death or imprisonment for life—which should characterize the judgment, was, in legal contemplation, a trial, following which no change in plea should be allowed. We cannot admit of soundness in the view thus taken. There was no issue before the court to try, and hence there could be no trial. The indictment presented the charge against the defendant, and by his plea he had admitted the truth of each and every allegation thereof. There was nothing left to do but to pronounce judgment at the time that might be fixed therefor. It is provided by statute (Code, section 4728)

that, in cases of murder in the first degree, the jury, if tried to a jury upon a plea of not guilty, shall determine whether the defendant shall be punished by death or by imprisonment for life; if the defendant pleads guilty, the character of the punishment shall be determined by the court. The statute does not prescribe in what manner the court shall proceed to advise itself, nor does it define the character of the information upon which the court may act, or limit the sources thereof. The determination of the question is with the court, and the court alone. That it is eminently proper in such cases to take the evidence of witnesses who have knowledge of the occurrence is readily conceded, but there is no requirement that this be done. The court may act upon any information coming to it from any source that satisfies its conscience and its sense of duty. Moreover, the statute says that the plea may be withdrawn at any time before judgment. It is the time of judgment, therefore, that governs, and not the conclusion of any hearing which the court may institute in order that the pathway of its duty leading up to judgment may be made clear.

The contention is earnestly made by the Attorney General that the application of defendant to withdraw his plea came too late; that, in all essential respects, judgment at the time thereof had already been pronounced. With this contention we cannot agree. We may concede that an application of the character in question comes too late after judgment has been pronounced. Such is the effect of our holding in *State v. Buck*, 59 Iowa, 382. But in the instant case no judgment had been pronounced. At the close of the hearing, the court, as it appears, did give expression to the conclusion reached as to the character of the punishment that should be inflicted, but at such time the court made no order intended for record as a judgment. On the contrary, an order was made fixing a time three days in the future at which judgment should

be pronounced and entered of record.   As applied to a criminal case, a judgment is the formal and final pronouncement of the court, by which the prosecution is brought to an end; leaving nothing to be done save to carry such judgment into execution in case there has been a conviction.

Being satisfied that upon the one ground of error to which we have given consideration the judgment must be reversed, we do not consider other questions made in argument, as none thereof can arise in connection with any future proceedings in the case.—REVERSED.