STATE OF IOWA, Appellee, v. KENNETH O. KELLISON, Appellant.

No. 45839.

June 16, 1942.

Yeaman & Yeaman, of Sioux City, for appellant.

John M. Rankin, Attorney General, and M. E. Rawlings, County Attorney, of Sioux City, for appellee.

HALE, J.—On the morning of the 2d day of October 1941, the grand jury of Woodbury county returned an indictment against Kenneth O. Kellison, charging him with the crime of manslaughter alleged to have been committed on the 26th day of September preceding, when the defendant was driving an automobile while intoxicated, by running down and killing one Nels Strom. The defendant was at the time of the proceedings confined in the county jail. At about 12 o'clock noon on October 2d, the defendant was brought into court before the judge, who was at the time engaged in the trial of a civil suit. The county attorney was present, and the defendant, who had no counsel, stated to the court that he had decided to enter a plea of guilty. The court thereupon made an entry, a part of which is as follows:

"Now, to-wit, October 2, 1941, this cause comes on for hearing to the Court, before the Hon. L. B. Forsling, Judge; the State appears by M. E. Rawlings, county attorney in and for Woodbury County, Iowa, and the defendant appears in person, and in open Court states to the Court that he is indicted herein under his true name and that he desires no attorney at this time to represent him; waives formal arraignment under the indictment in this cause, and now enters a plea of guilty of the crime of manslaughter, as therein charged, and waives time for pronouncing sentence and entering judgment herein, under said plea, and thereupon the Court forthwith proceeds to pronounce sentence and enter judgment herein, and finds that said defendant is a fit subject for commitment to the Men's Reformatory at Anamosa, Iowa, and that he should accordingly be committed thereto and confined therein, at hard labor, for an indeterminate period as provided by law in such cases, not to exceed, however, a period of eight (8) years, and that he should pay the costs of this action, said sentence being for violation of section 12919 of the 1939 Code of Iowa."

Just what occurred at the time of such sentence, other than what appears on the foregoing entry, is disputed. It is clear from the evidence, however, that prior to such arraignment, plea, and sentence, the defendant had several interviews with the county attorney. The first was in the county attorney's office and there were present, besides the defendant and the county attorney, the deputy sheriff and one Dave Schiller; later there was another interview in the same office at which were present the defendant's wife and brother; and also a third interview, at which, as claimed by the county attorney, defendant informed him that he desired to plead guilty. Whatever may have been said by the county attorney or to him, it followed that the plea of guilty was entered.

In the afternoon of the same day, according to the statement of the judge, at about 2 o'clock, Attorney Yeaman approached the bench while the court was engaged in the trial of a civil case to a jury, and in a conversation the attorney stated that it was his belief that the defendant was not guilty of the

crime to which he had pleaded guilty, and it was such attorney's intention to move that the plea of guilty be withdrawn, and he then inquired when the matter could be heard and wanted it heard immediately, for the reason that the counsel thought the defendant would be taken to the reformatory under mittimus at once. The court thereupon requested the attorney to see Mr. Rawlings, the county attorney, and the court then made inquiry as to whether a written motion had been or would be filed and was informed that written motion had not been filed, and the court, according to his recollection, told the attorney that if the county attorney would agree to have the plea set aside the court itself had no objection to setting aside such plea. Yeaman went to the grand jury room, called out the county attorney, and asked if he would agree to such withdrawal of plea, which request the county attorney denied.

Defendant's attorney then went to his office, prepared an application and filed it in the clerk's office at 4:22 that afternoon. In the meantime, however, Marie Peters, a deputy in the office of the clerk of the district court, entered on the record the judgment of the district court, beginning at 2:15 and completing the record by 3 o'clock. The motion to withdraw the plea was, in substance:

1. That the same had not been recorded in the office of the clerk of the district court.

2. That defendant was not represented by counsel at the time the plea was entered.

3. For the reason that said defendant was given to understand that in case he would plead guilty he would be paroled. That one Dave Schiller, who had been a friend of his and also a friend of the county attorney, told this defendant that he had seen the county attorney, and that if he, the defendant, would plead guilty he would receive a parole and two other cases that were pending against him would be dismissed.

4. For the reason that the court sentenced this defendant immediately upon entering the plea.

5. For the reason that he is not guilty of the charge.

The county attorney filed a resistance to this motion upon

the ground that the court had no jurisdiction to set aside the plea for the reason that the motion was not filed until after said plea had been written into the records in the office of the clerk.

Hearing on the application of the defendant was held on Monday, October 6th, before the judge, and evidence submitted. It appears from the testimony of the deputy clerk that she was called up by the county attorney before the record was completed, in regard to writing the record, but the deputy clerk is not clear as to just what conversation was had over the telephone. At such hearing, the defendant was examined in his own behalf. His own statement as to what occurred between him and the county attorney naturally does not agree with that of the county attorney himself, but it is established that there were at least two or three interviews at which was discussed the question of his entering the plea of guilty and also the question of the matter of parole. We need not go further into the testimony produced at the trial. The foregoing indicates the substance of what occurred.

The judge, at the conclusion of the hearing and reception of testimony, entered an order setting out the facts as above, and finding that the entry of judgment upon the official court record was not later than 3 o'clock and the filing of the motion to withdraw the plea was at 4:22; and then stated that, under the law, the court was without jurisdiction to grant the relief prayed, and, assuming that the court would have jurisdiction, the showing in evidence introduced in support of the defendant's motion to withdraw his plea fails to show that the defendant was dealt with unjustly; and overruled the motion. From this order, appeal is taken to this court.

I. The question for our consideration is, under the circumstances as above stated, should the court have withdrawn such plea and entered a plea of not guilty, under the provisions of section 13803, Code of 1939, "At any time before judgment, the court may permit the plea of guilty to be withdrawn and other plea or pleas substituted." Section 13951, Code of 1939, provides:

"Upon a plea of guilty, verdict of guilty, or a special verdict

upon which a judgment of conviction must be rendered, the court must fix a time for pronouncing judgment, which must be at least three days after the verdict is rendered, if the court remains in session so long, or, if not, as remote a time as can reasonably be allowed; but in no case can it be pronounced in less than six hours after the verdict is rendered, unless defendant consent thereto.''

The record shows such waiver of time, but defendant earnestly argues that he was overreached in the matter, and, under the persuasion of Schiller and without the benefit of advice of counsel, entered his plea. It is further argued that he did not understand the meaning or effect of waiver and that he was unfamiliar with court procedure, and the defendant insists that the court should not have sentenced him under this record until three days had elapsed, without appointing counsel for him to advise him of his rights. The defendant further insists that the trial court erred in overruling defendant's motion to withdraw his plea and in finding that the defendant had been fairly dealt with. Defendant argues that under the provisions of section 13803 he had the right to and did withdraw his plea orally and in writing. In State v. Wieland, 1934, 217 Iowa 887, 251 N. W. 757, it has been determined by this court that an accused under an indictment has an arbitrary right to withdraw a plea of guilty at any time before the oral sentence passed upon him has taken the form of a final judgment by entry in the record book of the court. The Wieland case, supra, followed the rule in State v. Henderson, 1924, 197 Iowa 782, 198 N. W. 33; State v. Hortman, 1904, 122 Iowa 104, 97 N. W. 981. See, also, State v. Kraft, 1860, 10 Iowa 330; State v. Oehlshlager, 1874, 38 Iowa 297; State v. Farlee, 1888, 74 Iowa 451, 38 N. W. 155. The court has, however, in numerous cases, held that, once the record entry is made it is too late to withdraw the plea of guilty. State v. Tracy, 219 Iowa 1412, 261 N. W. 527; State v. Harper, 220 Iowa 515, 258 N. W. 886; State v. Van Klaveren, 208 Iowa 867, 226 N. W. 81.

In many states, however, the question of granting such permission prior to judgment is a matter of discretion and not a mat-

ter of right, but in those jurisdictions where withdrawal is discretionary, it is held that such discretion should be freely exercised, since the law favors a trial on the merits, and the court should therefore resolve all doubts and exercise its discretion in favor of such a trial. 22 C. J. S. 637, section 421. The general rule there stated is that where there is ignorance, or misapprehension, or undue influence exercised over defendant, then the court should permit a plea of guilty to be withdrawn.

In some jurisdictions the privilege of withdrawal may be granted either before or after judgment, but it is established by our own decisions that such withdrawal exists as a right prior to, but not after, judgment is entered. Was the oral statement of defendant's counsel at 2 o'clock, made to the judge in open court, such an application to withdraw the plea of guilty as to bring such withdrawal within the terms of State v. Wieland, supra? In determining whether or not there was a withdrawal of the plea, or such conduct on the part of the defendant, or such circumstances as to amount to a withdrawal of the plea, we may consider the nature of the plea of guilty when entered. In the first place, such a plea must be entirely voluntary, and not induced by fear, by misrepresentation, by persuasion, by the holding out of false hopes, nor made through inadvertence or by ignorance. 22 C. J. S. 653, section 423. And the court should satisfy itself of the voluntary character of the plea before accepting it, especially where accused is not represented by counsel and is young and inexperienced or obviously lacking in intelligence or knowledge of our spoken language. 22 C. J. S. 653, section 423.

Under our statute certain conditions should be complied with. When the defendant appears for judgment, he must be informed by the court of the nature of the indictment, his plea, and the verdict, if any, thereon, and be asked whether he has any legal cause to show why judgment should not be pronounced against him (section 13955), besides the requirement as to time as set out in section 13951 heretofore referred to. It is the holding of all courts that a defendant, before the entry of plea, must be acquainted in some manner with the effect of such plea and the consequences thereof. We are not satisfied that, under the

circumstances shown by the evidence at the hearing, these rights were fully accorded to or understood by the defendant. In cases where withdrawal of a plea of guilty is made, the defendant should move with promptness. We do not see how he could have been more prompt than in the present case. The plea was entered at noon, under such circumstances that we doubt whether the defendant knew what the effect of such waiver amounted to, and without counsel or without any attempt to procure him such counsel, and after repeated interviews with the prosecuting officer. Such methods are objectionable, no matter with what apparent good motives the officers acted nor how firm their conviction was that the defendant was guilty.

Before judgment was entered and while still within the legal limits of time set by our prior decisions, that is, before entry of judgment of record, the court was informed by counsel for defendant that he desired to withdraw the plea of guilty. This he afterward reduced to written form. But we know of no requirement of the statute that requires such a withdrawal to be in writing. A plea of guilty may be, and nearly always is, oral. So far as this court can determine, it has been the practice in this state, when a plea is withdrawn, for such withdrawal to be oral. So holding, such withdrawal of plea of guilty was made prior to the recorded judgment and was within sufficient time, and when so made, the defendant was entitled to a trial to a jury. The ruling of the district court, therefore, on the motion to withdraw plea of guilty and submit plea of not guilty, must be and is reversed, and the cause remanded for trial.—Reversed and remanded.

Bliss, C. J., and Sager, Garfield, Wennerstrum, Stiger, and Miller, JJ., concur.