STATE OF IOWA, Appellee, v. DORN DELBERT MACHOVEC, Appellant.

No. 46564.

MARCH 6, 1945.

REHEARING DENIED MAY 11, 1945.

Breen, Breen & McCormick, of Fort Dodge, for appellant.

John M. Rankin, Attorney General, Charles H. Scholz, Assistant Attorney General, and Franklin Jaqua, County Attorney, for appellee.

OLIVER, J.—Defendant, Dorn Machovec, who on January 20, 1944, became sixteen years of age, had for several years previously lived on a farm near Renwick, Iowa, with his mother and his stepfather, C. Paul Voss. He was in the tenth grade of the Renwick school.

Defendant killed his stepfather January 8, 1944. Three days later he was apprehended at the residence of his father on a farm near Shelby, Iowa. Thereafter he was charged with first-degree murder in a county attorney's information.

February 5, 1944, defendant appeared in court with a member of the firm of attorneys who represent him in this appeal. A plea of not guilty was entered and at the suggestion of counsel on both sides the cause was assigned for trial March 20, 1944. The trial was commenced on said date.

Defendant's written confession, in evidence at the trial, recites that he was working in the calf pen in the barn on the Voss farm; that he had been hunting and had with him his .22-caliber repeating rifle; that Mr. Voss entered the barn, criticized the work, intermingling his criticism with oaths and vile epithets, and started to climb over the gate to the calf pen; that defendant seized his rifle and shot Voss twice; that Voss fell from the gate and defendant fired a third shot; that defendant then climbed over the gate, stabbed Voss in the head and body with a pitchfork and struck Voss on the side of the head with the stock of the rifle.

The confession states Voss frequently became displeased with defendant's work and on such occasions called defendant vile names but that Voss had never struck defendant or attempted to whip him. A witness testified defendant stated he had considered shooting Voss on a previous occasion but had no ammunition. At the conclusion of the State's evidence two witnesses for defendant were interrogated. One of these witnesses testified Voss treated defendant as any other father

might treat a son and that their relationship always seemed to be normal.

During the forenoon of March 23d the trial was adjourned and the question of a plea of guilty was considered in an extended conference in which counsel on both sides and the presiding judge participated. The judge indicated that, upon a plea of guilty, the evidence warranted a determination that the crime was murder in the second degree. That afternoon defendant, in open court, changed his plea from not guilty to guilty and the court determined that the crime was murder in the second degree. The jury was discharged and April 15th was fixed as the date for sentence.

March 24th the court ordered that defendant be examined at the Psychopathic Hospital at the State University of Iowa. The hospital reported no significant physical or mental abnormalities and an intelligence quotient of 117, which is in the bright normal group. Counsel for defendant were advised of the substance of this report and on April 14th examined the report.

On April 15th, after hearing several pleas for leniency and a statement by the county attorney, the court informed defendant of the charge, his plea, and the finding that the crime was murder in the second degree, and inquired if defendant had any legal excuse why judgment should not be pronounced against him. Defendant answered "no." Thereupon the court orally pronounced judgment sentencing defendant to life imprisonment in the penitentiary. Immediately thereafter, and before the judgment was entered of record, counsel for defendant announced in open court: "The defendant * * * withdraws his plea of guilty * * * and enters a plea of not guilty * * *." The court refused to permit the plea of guilty to be withdrawn. Defendant has appealed.

I. Section 13905, in chapter 648, Code of Iowa, 1939, provides that if at any stage of a criminal trial a reasonable doubt arises as to defendant's sanity, further proceedings must be suspended and a trial had upon that question. Section 13906 provides such trial shall be conducted, so far as may be, as the prosecution would be. Code sections 13956 and 13957 provide defendant may show he is insane as a legal reason why judgment should not be pronounced, and if the court is of the

opinion that there is reasonable ground for believing him insane, that question shall be determined as provided in the Code. Appellant predicates error upon the investigation of his mental condition by the Psychopathic Hospital and asserts he was deprived of his right to trial upon the question of his sanity, in the manner provided by the foregoing statutes. State v. Murphy, 205 Iowa 1130, 217 N. W. 225; State v. Tracy, 219 Iowa 1412, 1415, 261 N. W. 527.

A defendant is not entitled to such trial unless, at some stage of the prosecution, a reasonable doubt arises as to his sanity, or the court at the time of pronouncing sentence is of the opinion that there is reasonable ground for believing him insane. Neither during the trial nor at the time judgment was pronounced was there any suggestion in open court or evidence tending to indicate that appellant was insane. It is true that at the conference between the attorneys and the court it was agreed appellant should be sent to the Psychopathic Hospital for examination and report. However, the court advised counsel it had no doubt that appellant was not insane. The examination was held at the request of counsel for appellant, that they might be fully satisfied as to his mental condition and that the court might have the benefit of professional opinion.

We do not understand the examination, findings, and report were intended to constitute a trial and adjudication upon the question of sanity, as a substitute for the procedure provided by chapter 648 of the Code. The report did not purport to be an adjudication. It did corroborate the opinion of the court that there was no reasonable doubt of appellant's sanity. Nor is there anything in the record to justify a contrary conclusion. Hence appellant was not entitled to a trial upon the question of his sanity. State v. Arnold, 12 Iowa 479; State v. Neubauer, 145 Iowa 337, 341, 124 N. W. 312.

II. Appellant contends the court erred in refusing to allow him to withdraw his plea of guilty and substitute a plea of not guilty. It will be remembered he sought to do this after judgment had been pronounced but before the same had been entered in the record book. Section 13803, Code of 1939, provides:

"Withdrawal of plea of guilty. At any time before judgment, the court may permit the plea of guilty to be withdrawn and other plea or pleas substituted."

We have heretofore held this statute and identical provisions of former statutes give to a defendant an absolute right to withdraw a plea of guilty at any time before judgment is entered in the record book. State v. Kraft, 10 Iowa 330; State v. Oehlshlager, 38 Iowa 297; State v. Hale, 44 Iowa 96; State v. Farlee, 74 Iowa 451, 38 N. W. 155; State v. Hortman, 122 Iowa 104, 106, 97 N. W. 981; State v. Henderson, 197 Iowa 782, 787, 198 N. W. 33; State v. Wieland, 217 Iowa 887, 251 N. W. 757; State v. Kellison, 232 Iowa 9, 4 N. W. 2d 239.

State v. Kraft, supra, refers to the statute, and, without discussion, holds it secures to the defendant the right to withdraw a plea of guilty. The subsequent decisions have, in general, followed the Kraft case without making reference to the question of statutory construction necessarily involved in such cases. In State v. Farlee, supra, 74 Iowa 451, 453, 38 N. W. 155, 157, it appears that the court felt obliged to follow the prior decisions "whatever our views might be if this were an original question * * *." State v. Hortman, supra, 122 Iowa 104, 106, 97 N. W. 981, 982, is the only case in which the interpretation of the statute is discussed. It is there stated that in order to construe the statute as granting a defendant an absolute right to withdraw a plea of guilty:

" * * * it is necessary, of course, to give the word 'may,' as it appears in the statute, a meaning equivalent to the meaning of the word 'must,' in its ordinary acceptation. * * * Whatever might be the view taken by the court, as now constituted, if the question were one of first impression, we think we are fully committed to the construction of section 5337 [now section 13803] as contended for by appellant, and that the doctrine of stare decisis must be held to apply."

The disinclination of the court in the Farlee and Hortman cases to approve the earlier decisions upon any basis other than stare decisis is not surprising. As a general rule, the word "may" when used in a statute is permissive only and operates

to confer discretion. Although it is sometimes given the meaning of "shall" or "must," such meaning will not be ascribed to it unless it is necessary to give effect to the clear policy and intention of the legislature. State ex rel. Wright v. State Board of Health, 233 Iowa 872, 10 N. W. 2d 561; Bechtel v. Board of Supervisors, 217 Iowa 251, 251 N. W. 633; 50 Am. Jur. 53, section 32.

· The statute does not state that the defendant may withdraw the plea of guilty. The word "may" refers to the authority of the court to permit such withdrawal. If the word "may" is given its usual meaning, the clause "the court may permit the plea of guilty to be withdrawn" clearly implies that discretion is lodged in the court and does not give a defendant an absolute right to withdraw such plea. Nor is there anything in the language of the statute or the context which would indicate any legislative intention that the word "may," as here used, should be interpreted other than as conferring discretion upon the court to permit the withdrawal of such plea. The meaning of the statute is too clear to require extended discussion. We are satisfied it does not give a defendant an absolute right to withdraw a plea of guilty before judgment, and that our decisions to the contrary are erroneous in principle.

Nor do such decisions find support in decisions from other jurisdictions. According to the great weight of authority, an accused who has entered a plea of guilty does not have an absolute right to withdraw it and the granting or refusing of permission rests in the discretion of the court. 22 C. J. S. 637, 639 et seq., section 421; annotations 20 A. L. R. 1445; 66 A. L. R. 628; notes 8 Ann. Cas. 237; 16 Ann. Cas. 973.

Many of the authorities which follow this rule are from jurisdictions which have no statute directly governing the proposition or have statutes differing from ours. However, in a considerable number of states the statutory language is the same, or substantially the same, as that of Code section 13803. All the authorities in the latter group called to our attention hold the granting of permission to withdraw a plea of guilty rests in the discretion of the court.

The doctrine of stare decisis, frequently called the doctrine of precedents, is a salutary one and should not ordinarily be

departed from. However, it should not be employed to perpetuate a palpably erroneous rule. The language of Code section 13803 is plain and the legislature should not be called upon to make it plainer. Our conclusion that our former decisions upon the proposition are clearly erroneous imposes upon us the duty to rectify the error and give effect to the statute as written and according to the meaning clearly intended. Hence the holdings of the cited decisions that Code section 13803 gives a defendant an absolute right to withdraw a plea of guilty before judgment are overruled. Remey v. Iowa Cent. Ry. Co., 116 Iowa 133, 142, 89 N. W. 218; Montanick v. McMillin, 225 Iowa 442, 459, 280 N. W. 608.

We do not mean to imply that the result of the cited decisions was necessarily erroneous. For example, State v. Kraft, supra, was an appeal from a judgment rendered by a justice of the peace on a plea of guilty and perhaps could have turned upon a different statute. In State v. Henderson, supra, 197 Iowa 782, 787, 198 N. W. 33, 35, the defendant was not represented by attorney and there was evidence that the plea was improvidently made and accepted. In that case the court referred to the rule in other jurisdictions as follows:

"A number of cases from other jurisdictions are cited to support the contention. But in some of the cases where it is held to be a matter of discretion, it is said that a plea of guilty should be freely and voluntarily made and entered by the accused, without any semblance of coercion, or without fear or duress of any kind; that the withdrawal should not be denied in any case where it is in the least evident that the ends of justice will be subserved by permitting 'not guilty' to be pleaded in its place; and that the least surprise or influence causing a defendant to plead guilty when he has any defense at all should be sufficient cause to permit a change of plea."

Although the quoted statement does not purport to be all-inclusive we think it fairly exemplifies the rule expressed in various decisions of other courts. Some decisions state that the discretion of the court should be liberally exercised in favor of innocence and liberty and, as the law favors a trial

on the merits, the court should resolve all doubts and exercise its discretion in favor of such a trial.

In the case at bar there is nothing to indicate that the refusal of the court to permit the withdrawal of the plea of guilty was an abuse of discretion. The plea of guilty was not made until the trial had so far proceeded that appellant's position appeared hopeless. It was made deliberately and upon the advice of experienced and able counsel who had been in active charge of appellant's defense since February 5th.

Appellant makes no claim that the plea was not entered freely and voluntarily, without mistake, duress, fraud, threat, or undue influence. He contends only that he had an absolute right to withdraw his plea of guilty before judgment was entered. We hold the granting of permission to withdraw such plea rests in the discretion of the trial court. No abuse of such discretion appears in this case.—Affirmed.

All JUSTICES concur.