**STATE of Iowa, Appellee,**

v.

**Richard Francis MEHUYS, Appellant.**

**No. 53524.**

Supreme Court of Iowa.

Nov. 12, 1969.

Rehearing Denied Jan. 12, 1970.

**132**

Morton A. Teitle, Davenport, for appellant.

Richard C. Turner, Atty. Gen., James C. Sell, Asst. County Atty., and Edward N. Wehr, County Atty., for appellee.

MASON, Justice.

Richard Francis Mehuys was charged by county attorney's information with robbery with aggravation contrary to section 711.2, Code, 1966. Following his plea of guilty to the included offense of robbery defendant was sentenced by the Scott County district court to the state penitentiary for a term not to exceed ten years. Code section 711.3. This section does not provide any other penalty for robbery.

Defendant's appeal presents the question whether his constitutional rights were protected.

Defendant was out on bond and had had opportunity to secure counsel before arraignment. It does not appear from the record whether counsel was court appointed or privately retained.

July 9, 1968, at arraignment when called upon to plead defendant entered a plea of not guilty to the charge in the information and his counsel asked time in which to prepare for trial. The court granted continuance and ordered defendant be released on bond in amount of his previous bond.

November 26 defendant appeared with counsel and tendered a plea of guilty to robbery. The court asked for a pre-sentence report and deferred sentence until December 26. That date defendant and his counsel appeared and sentence was imposed. A verbatim record of the proceedings had July 9, November 26 and December 26 was made and preserved. The record of those proceedings constitutes the record on appeal.

In his first assignment of error, defendant contends he was not offered his right of allocution under Code section 789.6 which provides: .

"When the defendant appears for judgment, he must be informed by the court, or

the clerk under its direction, of the nature of the indictment, his plea, and the verdict, if any, thereon, and be asked whether he has any legal cause to show why judgment should not be pronounced against him."

In his other assignment of error defendant asserts the court erred in failing to advise him of the consequences of his guilty plea. We consider defendant's contentions together.

I. A determination that the plea be knowing, voluntary and accurate is a fundamental objective of the pleading processes.

"The formal requisites for a plea of guilty in this state are set out at section 777.-12, Code, 1966. In connection therewith this court has said in State v. Kellison, 232 Iowa 9, 14, 4 N.W.2d 239: 'In the first place, such a plea must be entirely voluntary and not induced by fear, by misrepresentation, by persuasion, by the holding out of false hopes, nor made through inadvertence or by ignorance, 22 C.J.S. Criminal Law § 423 [p. 653]. And the court should satisfy itself of the voluntary character of the plea before accepting it, especially where accused is not represented by counsel and is young and inexperienced or obviously lacking in intelligence or knowledge of our spoken language. 22 C.J.S. Criminal Law § 423 [p. 653].'" State v. Kulish, 260 Iowa 138, 143, 148 N.W.2d 428, 432.

The foregoing is quoted with approval in State v. Lampson, 260 Iowa 806, 815–816, 149 N.W.2d 116, 121 and State v. Sisco, Iowa, 169 N.W.2d 542, 547.

Before entering judgment on the plea the court by addressing defendant personally proceeded to satisfy itself there was factual basis for the tendered plea and ensure defendant did in fact understand his right to a jury trial and by pleading guilty defendant was relinquishing this right.

We set out the record of the November 26 proceedings:

"MR. CLARK O. FILSETH: I believe the record shows we entered a plea of not guilty. And at this time you want to withdraw your plea of not guilty? MR. MEHUYS: That's right.

"MR. FILSETH: And enter your plea of guilty to the included offense of Robbery? MR. MEHUYS: Yes, sir.

"THE COURT: How old are you? MR. MEHUYS: Thirty-four, sir.

"THE COURT: And how far did you get in school? MR. MEHUYS: Eleventh grade.

"THE COURT: Do you understand what a plea of guilty means? MR. MEHUYS: Yes, sir.

"THE COURT: What does it mean? MR. MEHUYS: It means I'm pleading guilty to the charge I've been charged with.

"THE COURT: You're pleading guilty to the included offense of Robbery. Do you understand that? MR. MEHUYS: Yes, sir.

"THE COURT: And what does Robbery mean, in your estimation? What do you understand it to mean? MR. MEHUYS: Well, I just went out and robbed a person, I guess.

"THE COURT: And you admit that? MR. MEHUYS: Yes, sir.

"THE COURT: And plead guilty to it? MR. MEHUYS: Yes, sir.

"THE COURT: And you understand you have a right to a trial by jury if you so desire? MR. MEHUYS: Yes, sir.

"THE COURT: And that's been explained to you by your attorney? MR. MEHUYS: Yes, sir.

"THE COURT: And you're satisfied with your attorney? MR. MEHUYS: Yes, sir.

"THE COURT: He has given you good representation? MR. MEHUYS: Yes, he has.

"THE COURT: And you understand once you enter a plea of guilty and the judgment is entered you can't withdraw your plea? MR. MEHUYS: I understand.

"THE COURT: Now, there have been no promises made or rewards offered for you to plead guilty, have there? MR. MEHUYS: No, sir.

"THE COURT: Nobody has forced you into this? MR. MEHUYS: No, sir.

"THE COURT: Or talked you into this? MR. MEHUYS: No, sir.

"THE COURT: It's upon your own voluntary act and deed, is that correct? MR. MEHUYS: Yes, sir.

"THE COURT: How old are you? MR. MEHUYS: Thirty-four, sir.

"THE COURT: Have you ever been in trouble before? MR. MEHUYS: Yes, I have, sir.

"THE COURT: And so you know what this is all about? MR. MEHUYS: Yes, sir.

"THE COURT: All right. We'll defer sentence on you and I'll get a pre-sentence investigation.

"MR. BERGER: Yes. And do you want to set the date, your Honor? THE COURT: Well, I understand the Defendant has a family here. He'd like to spend Christmas with them. We'll sentence him the 26th, after Christmas.

"MR. BERGER: That will be the 26th of December? THE COURT: At 10:00 o'clock. I would like to have the report by then."

We are satisfied there was adequate opportunity between July 9 and November 26 for defendant's counsel to engage in plea discussions with the prosecution from the fact that at the second court appearance defendant tendered a guilty plea to robbery which carries a penalty of ten years as compared to a penalty of twenty-five years for conviction of robbery with aggravation.

The interval provided ample time necessary for investigation of law and facts and for client-counsel discussions as to what plea would be in the client's best interest.

The court did not pronounce sentence on defendant's plea until December 26. Defendant had then had thirty days to deliberate following the date he received advice from the court informing him that by his guilty plea he waived a right to a trial by jury.

As shown by the record of the December 26 proceeding the court again addressed defendant personally to determine whether defendant wished to reaffirm his plea tendered thirty days earlier and to make certain defendant had not been inaccurately informed or had not made unjustified assumptions on the basis of information given him earlier.

The Advisory Committee on the Criminal Trial indicates this is the function of the judicial caution set forth in section 1.4 where, as here, defendant has counsel. This section is set out in full in State v. Sisco, supra, Iowa, 169 N.W.2d at 547.

The record of proceedings had at the sentencing stage follows:

"THE COURT: The Defendant come up here, please. Will you bring the Defendant up here? MR. FILSETH: Yes. Come on, Dick.

"THE COURT: Now, as I understand it, he's pleaded guilty to robbery without aggravation. MR. FILSETH: Yes, your Honor.

"THE COURT: Is that your understanding? MR. TRAW: Yes, your Honor.

"THE COURT: Now, as I understand it, you've pleaded guilty to this charge? MR. MEHUYS: Yes, sir.

"THE COURT: And at the time you pleaded guilty, we advised you of your rights? You had a right to a trial by jury. MR. MEHUYS: Yes, sir.

"THE COURT: And you said you wanted to plead guilty—MR. MEHUYS: Yes, sir.

"THE COURT:—in spite of that. And you understand you're now pleading guilty to robbery without aggravation? MR. MEHUYS: Yes, sir.

"THE COURT: And the sentence on that is five years in the penitentiary. You understand that? MR. MEHUYS: Yes, your Honor.

"THE COURT: Isn't that right, Mr.— It's five years? MR. TRAW: Isn't it ten years?

"THE COURT: Is it ten? Will you get the Code? Ten years. It's ten years, that's right. It's twenty-five years with aggravation. Now, you understand I'm not going to give you a parole because of your record? MR. MEHUYS: Yes, sir.

"THE COURT: So it'll be the judgment of the Court you be sentenced to a period not to exceed ten years in Fort Madison. And I wish to advise you further that if you wish to appeal this sentence, you must serve a sixty day notice on the County Attorney's office. If you fail to do that, of course you lose your right to appeal. If you want to know anything further about that, your attorney can advise you. And the appeal bond is set at $5,000.00."

It is true the court did not ask defendant whether he had any legal cause to show why judgment should not be pronounced against him. However, when the court asked defendant if he understood he was not going to be given a parole because of his previous record it informed him of sentence to be imposed and again inquired if he understood. Defendant's only answer was, "Yes, sir."

■ The purpose of the inquiries November 26 and December 26 was to make sure defendant's plea of guilty was entered voluntarily with full knowledge and understanding. The purpose of the statute—to elicit facts which would constitute

reason for withholding sentence—was accomplished by the court's detailed inquiry on the two occasions. None appeared from this record.

In rejecting a similar contention in State v. Patterson, Iowa, 161 N.W.2d 736, 738, we said:

"It is quite true the trial court did not accord this privilege [right of allocution] in the language of the statute, but defendant nevertheless was given the opportunity, both through his attorney and personally, which the section contemplates. * * [T]he trial court carried on an extended question and answer colloquy with defendant himself, during which defendant had ample opportunity to volunteer any information helpful to his cause or which would constitute reason for withholding sentence.

"The very purpose of the trial court at this time was to elicit such facts. This must have been apparent to both defendant and his counsel. Certainly defendant cannot now assert he was not given the opportunity to make a statement simply because that opportunity was not couched in the precise words of the statute. The important thing is whether defendant had his chance to point out any reason for withholding judgment. We find he did. The trial court was careful to give both defendant and his counsel the right to be heard.

"It might be noted, too, that nothing appears in the record to suggest defendant in fact had any legal cause why sentence should not be imposed. We mentioned this factor in State v. Rinehart, 255 Iowa 1132, 1139, 125 N.W.2d 242, 247 in considering a similar complaint."

■ Defendant's contention urged under his first assignment is without merit.

As shown by the record, before acting upon defendant's tendered plea of guilty the court determined, by addressing defendant personally, that the plea had been

voluntarily tendered, that defendant understood the charge, knew the criminal consequences and there existed a factual basis supporting the plea. See State v. Sisco, supra, Iowa, 169 N.W.2d at 545.

II. In support of his second assigned error defendant contends there is no showing in the record of proceedings in the trial court that either his attorney or the court advised him of the consequences of his plea of guilty; nothing was mentioned to him in reference to the length of his sentence or punishment he might receive as a result of his tendered plea; and he was denied due process of law. In oral argument defendant's counsel contends the court should have given defendant these admonitions before he tendered his guilty plea.

The point is they were given and repeated by the court before acting upon the plea by pronouncing sentence. Even then defendant offered no basis for motion to withdraw his plea. See State v. Whitehead, Iowa, 163 N.W.2d 899, 903, where we quoted with approval:

" 'When a defendant who has pleaded guilty makes application to withdraw his plea, he should at the very least allege that he was not guilty of the charge to which he pleaded.' * * * [Citing authorities]."

■ Court compliance with the standards approved in Sisco, supra, is not a complete substitute for advice of counsel. Its purpose is to complement defendant's right to counsel to ensure that defendant's guilty plea meets the formal requisite for this plea.

Standard 3.2(b), although not set forth as approved in Sisco, points out duties of defense counsel in connection with defendant's guilty plea:

"To aid the defendant in reaching a decision, defense counsel, after appropriate investigation, should advise the defendant of the alternatives available and of considerations deemed important by him or the defendant in reaching a decision."

Although defense counsel cannot predict with certainty many of the matters that may arise at the plea stage and during the sentencing process defendant is none the less entitled to his attorney's best professional judgment whether he be court appointed or privately employed.

This advice of counsel with the court's inquiries under the record here affords a criminal defendant real notice of the true nature of the charge against him—"the first and most universally recognized requirement of due process". Smith v. O'Grady, 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859.

At the November 26 hearing defendant, in response to a question from the court, conceded his attorney had explained to him his right to a jury trial and he understood what the proceedings were about, his tendered plea was his own voluntary act and deed and no promises had been made to him for the plea of guilty nor had anyone forced him to offer the plea.

As shown by the record although defendant was represented by counsel at all proceedings in the trial court, the court again on December 26 made inquiry of defendant as to whether he wished to reaffirm his tendered plea after having had opportunity to deliberate and to discuss his case with counsel.

■ The effect of a voluntary and intelligent plea of guilty is to authorize the imposition of the sentence prescribed by law on a verdict of guilty of the crime charged. State v. Delano, Iowa, 161 N.W. 2d 66, 72, and citations.

Mehuys does not contend or even intimate he received other than the benefit of his attorney's best professional judgment in the trial court proceedings.

As stated before the record demonstrates defendant had real notice of the true nature of the charge against him and

the fundamental objective of the pleading process was achieved.

■ Under the circumstances here the court's omission to admonish Mehuys to the extent it did preceding pronouncement of sentence before defendant had tendered his plea of guilty did not violate any of his constitutional rights.

Defendant's contention urged in support of his second assigned error is also without merit. Much of what we have said in Division I, supra, supports this conclusion.

The case is therefore

Affirmed.

All Justices concur, except RAWLINGS and BECKER, JJ., who concur in the result.