**STATE of Iowa, Appellee**

**v.**

**Jay Clark CHRISTENSEN, Appellant.**

**No. 54758.**

Supreme Court of Iowa.

Oct. 18, 1972.

Stewart A. Huff, Sioux City, for appellant.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen., and William S. Sturges, County Atty., Le Mars, for appellee.

Submitted to MOORE, C. J., and UHLENHOPP, REYNOLDSON, HARRIS, and McCORMICK, JJ.

MOORE, Chief Justice.

Defendant, Jay Clark Christensen, appeals following his plea of guilty and sentence for unlawful possession of hallucinogenic drugs as charged in indictment number 2266–A in Plymouth County, Iowa. We affirm.

On December 10, 1969 defendant and William N. Slawson, Jr. were arrested in Le Mars and charged with unlawful possession and sale of drugs in violation of chapter 204A, 1966 Code of Iowa, as amended by chapter 189, section 3, of the Acts of the 62nd General Assembly.

After preliminary hearings both men were bound over to the district court. On January 7, 1970 the grand jury returned four indictments against Christensen and three against Slawson. January 10 each personally and by counsel entered pleas of not guilty to the respective indictments. Trial date on one of the charges against each defendant was then set.

On April 28, 1970 each defendant appeared in separate proceedings and entered a plea of guilty to the charge made in one of the indictments against him. Defendant Christensen in person and by his then counsel entered a plea of guilty to unlawful possession of hallucinogenic drugs as charged in indictment number 2266–A. The other three pending charges on motion by defense counsel, in which the county attorney acquiesced, were continued without date by the trial court.

In our oft-cited opinion in State v. Sisco, Iowa, 169 N.W.2d 542, we establish general standard guidelines for trial courts when considering a tendered plea of guilty. Stated briefly we held that when a guilty plea is entered the trial court must address the accused personally and by interrogation determine whether he understands the charge made, is aware of the penal consequences of the plea and that it is entered voluntarily.

The record shows the trial judge conducted an extensive oral examination of defendant in the three areas required by Sisco. Thereafter defendant's guilty plea was accepted, a presentence investigation ordered and time for sentence set for May

8, 1970. On that date, after study of the presentence investigation report and further interrogation of defendant wherein he admitted the acts constituting the offense charge, the trial court pronounced sentence. Defendant was sentenced to serve a term not to exceed one year in the Men's Reformatory at Anamosa and to pay a fine of $1000. The fine to be suspended upon defendant exhibiting good behavior for a year after release from the reformatory.

Defendent's present appeal counsel was appointed April 24, 1972 by the trial judge pursuant to our order removing his predecessor for inexcusable delay of defendant's appeal. Present counsel has filed a well prepared brief and argument.

I. Defendant first asserts the trial court's interrogation was not sufficient in that defendant was not informed (1) of the minimum sentence and (2) if he had previous convictions he could be subject to additional punishment.

Defendant was charged and sentenced under the statute applicable to a first offender. The statute makes no provision for a mandatory minimum incarceration sentence. Such a provision would create a problem not here presented. See American Bar Association Standards relating to pleas of guilty, Standard 1.4(c)(ii).

Interrogation of defendant by the trial court includes:

"And you realize that on the basis of your plea, alone, that I can find you guilty and that I can sentence you to a year in the penitentiary and fine you as much as a thousand dollars, either or both?"

Defendant answered, "Yes."

Defendant claims the trial court should have advised him of the possibility of a suspended sentence and a parole. He also argues he should have been made aware of the effect of a conviction here on any future conviction. No such warning by the trial court is required. State v. Watts, Iowa, 186 N.W.2d 611, 617. The record is clear defendant had no prior convictions.

As we point out in State v. Mehuys, Iowa, 172 N.W.2d 131, 136, the trial court's compliance with the standards approved in Sisco is not a complete substitute for advice of counsel. Its purpose is to complement defendant's right of counsel to insure that defendant's plea meets the formal requisite for the plea.

The duties of defense counsel in connection with defendant's guilty plea are thus stated in Standard 3.2(b): "To aid the defendant in reaching a decision, defense counsel, after appropriate investigation, should advise the defendant of the alternatives available and of considerations deemed important by him or the defendant in reaching a decision."

The trial court's interrogation of defendant includes, "You have discussed the implications of your plea with your counsel, have you not?" To which defendant answered, "Yes, sir."

The record seems clear defendant was aware of the consequences of his plea. We find no merit in defendant's first two assigned errors.

II. Defendant next asserts the trial court should have inquired of the prosecutor and defense counsel whether the tendered plea was the result of prior plea discussions and a plea arrangement. Sisco is cited as authority but we find no such requirement there. In response to the court's inquiry defendant stated no promises or threats had been made by anyone to induce him to plead guilty. No contrary claim is shown in the record. The trial court under the record was not required to question counsel regarding a plea arrangement. See State v. Zacek, Iowa, 190 N.W.2d 415.

III. Defendant argues he was denied the right of allocution as required by Code section 789.6. It provides that before

sentence is pronounced defendant be asked whether he has any legal cause to show why judgment should not be pronounced.

In State v. Mehuys, Iowa, 172 N.W.2d 131, 135, we quote this from State v. Patterson, Iowa, 161 N.W.2d 736, 738:

" 'It is quite true the trial court did not accord this privilege [right of allocution] in the language of the statute, but defendant nevertheless was given the opportunity, both through his attorney and personally, which the section contemplates. * * * [T]he trial court carried on an extended question and answer colloquy with defendant himself, during which defendant had ample opportunity to volunteer any information helpful to his cause or which would constitute reason for withholding sentence.

" 'The very purpose of the trial court at this time was to elicit such facts. This must have been apparent to both defendant and his counsel. Certainly defendant cannot now assert he was not given the opportunity to make a statement simply because that opportunity was not couched in the precise words of the statute. The important thing is whether defendant had his chance to point out any reason for withholding judgment. We find he did. The trial court was careful to give both defendant and his counsel the right to be heard.

" 'It might be noted, too, that nothing appears in the record to suggest defendant in fact had any legal cause why sentence should not be imposed. We mentioned this factor in State v. Rinehart, 255 Iowa 1132, 1139, 125 N.W.2d 242, 247 in considering a similar complaint.' "

Such is the record now before us including the court asking: "Is there anything you would like to say to the court before I pronounce sentence?" To which defendant answered: "No, more than I want to go back to work, more or less, back to my regular home."

IV. Defendant's final assigned error is that under the entire record this court should in the interest of justice order a reversal. We find no basis for doing so. We hold the record demonstrates defendant's guilty plea was knowingly and voluntarily entered. The judgment and sentence of the trial court must be affirmed.

Affirmed.