# IN THE COURT OF APPEALS OF IOWA

No. 16-1511
Filed July 6, 2017

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**DANIEL BLAIN PIERCE,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Greene County, Gary L. McMinimee, Judge.


A defendant challenges his plea of guilty to theft in the first degree.
**AFFIRMED.**


Charles J. Kenville of Kenville Law Firm, P.C., Fort Dodge, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.


Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**TABOR, Judge.**

Daniel Pierce wants to "take back" his plea of guilty to first-degree theft for stealing a Chevy Silverado pickup from the parking lot of the Wild Rose Casino in Jefferson. Pierce argues he should be allowed to plead anew because of two errors by defense counsel: (1) allowing Pierce to plead guilty when the record did not reveal his intent to *permanently* deprive the owner of the truck and (2) misadvising Pierce that he could be released on his own recognizance after entering his guilty plea in Greene County without realizing Polk County authorities had issued a warrant for his arrest. Because we find counsel performed with reasonable competence in regard to the factual-basis issue, we affirm. But we preserve Pierce's second claim for possible postconviction-relief proceedings.

## I. Facts and Prior Proceedings

Pierce was accused of a spree of vehicle thefts in a trial information filed by the Greene County Attorney. The information alleged one count of ongoing criminal conduct, a class "B" felony, and three counts of first-degree theft, class "C" felonies. According to the minutes of evidence, witnesses were expected to testify a Dodge Caravan was stolen from a Pleasant Hill residence on April 26, 2016, and recovered in the Wild Rose parking lot on May 1. The Silverado truck was reported missing from the same lot on May 1 and was recovered in a farm field outside of Dawson two days later. Also on May 3, a Rippey resident reported his Ford F-150 pickup missing; it was recovered by Baxter police on May 5.

Pierce reached a plea bargain with the State on June 22, 2016. At the July 5 plea hearing, the county attorney offered the following summary of the agreement:

> The defendant is to plead guilty to one count of theft second degree, a [class] "C" felony. I believe that will be Count III of the Information. I will dismiss the remaining charges pending against him . . . . I have agreed to go along with whatever sentencing recommendation may be contained in his presentence investigation report . . . I am asking that the sentence run concurrently with the sentence he receives in Jasper County on an operating motor vehicle without owner's consent charge. I will be asking that he be ordered to pay victim restitution to all victims, including the dismissed charges. Will be asking he be ordered to pay attorney fees and court costs. I will be recommending suspension of the minimum fine, and I will be agreeing to his release on his own recognizance after guilty plea proceedings here this morning.

At that same hearing, Pierce admitted taking possession of the 2008 Chevy Silverado on May 1 in Jefferson. Pierce told the court the key was in the ignition when he "climbed into the truck, started it, and took off with it." Pierce acknowledged, when he took possession of the truck, he had the specific intent to deprive the owner of the vehicle. The district court accepted the guilty plea and informed Pierce of his right to file a motion in arrest of judgment.

As soon as Pierce returned to the Greene County jail following the plea hearing, a jailer informed him "there was a warrant for [his] arrest in Polk County" and a detainer had been pending for "the whole month and a half" he had been in jail. When Pierce asked the jailer why he had not been notified earlier, she stated he "didn't ask."

In response to learning about the detainer, Pierce filed a handwritten motion in arrest of judgment on July 22, 2016. He expressed his desire to "take back his former plea of guilty," alleging "the major reason" he entered the guilty

plea was because he "would be released on OR [own recognizance] when in fact the county attorney knew Polk County would file theft [first] charges and [he] would not be released thus violating the terms of the plea agreement."

On August 15, the court held a hearing on Pierce's motion in arrest of judgment. Pierce testified he was not aware a charge was pending against him in Polk County when he entered his guilty plea, though the Polk County arrest warrant had issued on May 17, 2016—more than one month before he reached an agreement with the Greene County Attorney. Pierce was adamant that had he known he would not be released on his own recognizance pending sentencing, he would not have agreed to enter the guilty plea:

> If I'd have known I wasn't going home to see my daughter, I would have never made that plea. I ended up having to call her, my ten-year-old daughter then I turned around to call her and tell her I wasn't coming home.

Pierce also testified he did not provide truthful information at his plea hearing:

> I admitted to stealing the truck with the intention to sell it or to deprive the individual of his vehicle and I had no intentions of depriving anybody of their vehicle. I was stranded up here and I was trying to get home. I was scared. My daughter was at home with my girlfriend. . . . I was panicking so I jumped in the truck to get close to Colfax so I would have a way home. I left the key in the truck. The key was in the truck when I took it, and I left the key in the truck.

Both the defense counsel and county attorney made professional statements at the hearing that they were not aware of the Polk County detainer pending for Pierce. Defense counsel blamed the county attorney for reneging on the plea agreement, asserting "he should be aware . . . when he's making that plea offer" of the defendant's status when the defendant is being held at the county jail.

Ten days after the hearing, the district court denied Pierce's motion in arrest of judgment. The court found "no violation of the plea agreement" because Pierce "got what he bargained for, a recommendation by the county attorney that he be released O/R in Greene County." The court further stated: "[T]his court has no doubt that at the time of the plea agreement, all parties assumed that the defendant following his plea hearing would be able to return to his home to await his sentencing hearing." But the court declined to set aside the plea "based on the contract doctrine of mutual mistake of fact."

The district court sentenced Pierce to an indeterminate ten-year term of incarceration and suspended his $1000 fine. Pierce appeals his judgment and sentence, seeking to plead anew.

## II. Preservation of Error and Standard of Review

Generally, a motion in arrest of judgment would preserve error for a defendant's challenge to the guilty plea on appeal. *See* Iowa R. Crim. P. 2.24(3)(a). But in this case, Pierce raises two issues on appeal that were not squarely addressed in the court's ruling on the motion in arrest of judgment. First, Pierce's motion did not challenge the factual basis for the theft charge. And although Pierce denied his intent to deprive the owner of the vehicle in his testimony at the motion-in-arrest hearing, the court did not mention a factual-basis challenge in its order denying Pierce's request to withdraw his plea. Accordingly, we find Pierce must raise his challenge to the factual basis as a claim of ineffective assistance of counsel. Second, Pierce's motion alleged the State violated the plea agreement by not ensuring his release from custody between the plea and sentencing hearings. On appeal, Pierce shifts gears,

contending "the framing of error in this case as ineffective assistance of counsel is appropriate." According we also analyze the issue concerning the Polk County warrant to see if Pierce received competent representation.

Because ineffective-assistance claims are grounded in the Sixth Amendment, our review is de novo. *See State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). Pierce bears the burden to prove by a preponderance of the evidence his plea counsel breached an essential duty and the breach resulted in prejudice. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). The first element is satisfied when the defendant shows the attorney performed "below the standard of a 'reasonably competent attorney.'" *State v. Brothern*, 832 N.W.2d 187, 192 (Iowa 2013) (quoting *Strickland*, 466 U.S. at 687). On the second element, when the record reveals no factual basis for a guilty plea, we presume prejudice. *See State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999).

### III. Analysis of Plea Claims

#### A. Factual Basis

Pierce alleges his counsel failed to ensure a factual basis existed for his plea of guilty to first-degree theft. More specifically, Pierce claims the record at the plea hearing did not demonstrate he had the intent to permanently deprive the truck's owner of the property. *See* Iowa Code § 714.1(1) (2016); *see also Schminkey*, 597 N.W.2d at 789 (holding intent to *permanently* deprive the owner of his property is an essential element of theft under section 714.1(1)[1]). Pierce

---

[1] The court vacated the sentence in *Schminkey* because the defendant entered an *Alford* plea, making no admissions with respect to his intent, and the minutes of evidence

points to the plea colloquy where he admitted only an intent to "deprive" the owner of the truck, without any reference to the permanency of that deprivation.

In addition to Pierce's statements at the plea hearing, we may consider the minutes of testimony when deciding if the record supports a factual basis for the guilty plea. *See State v. Keene*, 630 N.W.2d 579, 581 (Iowa 2001). Here, the minutes stated the Silverado was taken from a casino parking lot. The owner did not give Pierce permission "to take or use his truck in any manner." The truck was found two days later in a farm field north of Dawson. The circumstantial evidence that Pierce drove the truck some twenty miles before abandoning it at a remote location supports Pierce's intent to deprive the owner of his truck on more than a temporary basis. *See State v. McCarty*, No. 03-1151, 2004 WL 894553, at *5 (Iowa Ct. App. Apr. 28, 2004) (distinguishing *Schminkey* because "McCarty took the truck to a different town a significant distance from where it was stolen and it was not recovered for several days").

Because the plea record reflects a factual basis for the theft charge, counsel was not ineffective in allowing Pierce to plead guilty.

### B. Polk County Arrest Warrant

We next turn to Pierce's complaint about his pre-sentence custody status. Pierce contends defense counsel was remiss in not seeking information on outstanding arrest warrants. According to Pierce, with adequate investigation, counsel would have learned from jail personnel that Polk County authorities

---

showed the defendant had been drinking alcohol the evening of the incident. 597 N.W.2d at 790–91 ("In our search for other facts or circumstances that might reveal Schminkey's intent in taking the pickup, we find none indicating that he intended to do anything more than temporarily use the vehicle to go home or to another bar.").

stood poised to detain Pierce after he was released from custody in Greene County. Pierce asserts he would not have accepted the State's plea offer but for the misinformation from his attorney that Pierce would be allowed to go home between the plea and sentencing hearings. Pierce contends he received faulty advice about a collateral consequence of his guilty plea.

The State counters that the warrant and detainer out of Polk County were not collateral consequences of his plea to the Greene County charge. The State argues: "[I]n fact, the record does not show that these charges were related at all."[2] Citing *Saadiq v. State*, 387 N.W.2d 315, 325 (Iowa 1986), the State further contends, even if Pierce's detention on the Polk County warrant was "something akin to a collateral consequence," Pierce's ineffective-assistance claim fails because the question was not whether Pierce received "misinformation" about his custody status before sentencing but, rather, the extent of information that he was entitled to receive before entering his guilty plea.

In *Saadiq*, our supreme court explained: "Counsel's duties in connection with a defendant's guilty plea include advising the defendant of available alternatives and considerations important to counsel or the defendant in reaching a plea decision."[3] 387 N.W.2d at 325. In this case, Pierce stressed that being released on his own recognizance and spending time with his daughter between the guilty plea and sentencing *was* an important consideration in his decision to

---

[2] We do not have information in our record concerning the substance of the Polk County charge or whether it involved the allegation that Pierce stole a van from Pleasant Hill and then abandoned that vehicle in Jefferson before taking the truck from the casino lot.

[3] *Saadiq* relied on *State v. Christensen*, 201 N.W.2d 457, 459 (Iowa 1972), which in turn quoted the ABA Standards relating to pleas of guilty, section 3.2(b), providing: "To aid the defendant in reaching a decision, defense counsel, after appropriate investigation, should advise the defendant of the alternatives available and of considerations deemed important by [counsel] or the defendant in reaching a decision."

plead guilty. We disagree with the State's contention that Pierce's true pre-sentencing status was not information he was entitled to receive before deciding whether to plead guilty. When asked to recite the plea agreement on the record, the county attorney included the following promise: "I will be agreeing to his release on his own recognizance after guilty plea proceedings here this morning." Because the State enshrined pre-sentence release as an element of the plea agreement, Pierce was entitled to rely on that promise when entering his guilty plea.[4]

We are also skeptical of the State's argument that Piece negotiated only for "his release from the Greene County jail, which he received." The county attorney stated he had no knowledge of the pending Polk County detainer, but the county attorney's lack of personal knowledge does not mean the State fulfilled its promise that as part of the plea agreement Pierce would be released on his own recognizance until the sentencing hearing—given that the information held by the county jailers defeated Pierce's expectation of going home. *Cf. Kyles v. Whitley*, 514 U.S. 419, 437 (1995) (holding, in the context of exculpatory material, "individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the

---

[4] Where the promise of presentencing release is important to a defendant's decision to enter a guilty plea, the denial of that release may be grounds for withdrawal of the guilty plea. *See United States v. Tindell*, No. 3:06-cr-30, 2007 WL 208527, at *6 (E.D. Tenn. Jan. 24, 2007) (granting Tindell's motion to withdraw his guilty plea when he bargained for presentencing release, so he could cooperate with the investigation in exchange for a recommended reduction in his sentence, but the court declined to grant pretrial release, thereby depriving Tindell of the benefit of his bargain).

police"). But Pierce does not argue on appeal that the State reneged on the plea agreement.

Instead, the question is whether defense counsel breached a material duty in not investigating the possibility that a warrant was pending for Pierce from another jurisdiction, which would impede Pierce's ability to be released on his own recognizance pending sentencing. The State asserts "counsel would have been required to call each of the ninety-nine county sheriffs' offices to conclude whether it had a pending warrant against his client." But the State also acknowledges "there is no indication in the record . . . what steps, if any, trial counsel took to determine whether [Pierce] would be detained by another county." As an alternative argument, the State suggests we could preserve this issue for postconviction relief to allow further development of the facts.

We find preservation for possible postconviction relief to be the appropriate course here. The current record is inadequate for us to resolve whether material omissions by counsel induced Pierce to plead guilty. *See State v. Philo*, 697 N.W.2d 481, 489 (Iowa 2005). Accordingly, we affirm Pierce's conviction and preserve his ineffective-assistance-of-counsel claim concerning the Polk County warrant for development in further proceedings.

**AFFIRMED.**